## BURRELL OATES v. THE STATE.

### No. 3564.   Decided May 15, 1907.

**1.—Murder in First Degree—Indictment—Robbery.**

In a prosecution for murder in the perpetration of robbery, it is not necessary that the indictment charge who was robbed or how or what he was being robbed of.

**2.—Same—Evidence—Appearance of Prosecutrix—Identification—Opinion of Witness.**

Where upon trial for murder a witness for the defense testified that the prosecutrix and principal State's witness failed to identify the defendant as being one of the parties at the killing of her husband the day following the homicide, the State should not have been permitted on cross-examination to show that the prosecutrix at this time was nervous, weak and crying, and had to be assisted up and down the stairs by officers at the jail.

**3.—Same—Declaration of Third Parties—Immaterial Testimony.**

Upon trial for murder, the acts and declarations of other parties in the presence of defendant with reference to one of them shooting a pistol sometime before the homicide, and which had no direct connection with the same were inadmissible in evidence.

**4.—Same—Charge of Court—Accomplice—Corroboration—Reasonable Doubt.**

Upon trial for murder, a charge of the court that a conviction could not be had upon the testimony of an accomplice unless the jury first believed the accomplice's evidence was true, and that it showed or tended to show that the defendant was guilty; and that then the jury could not convict unless the accomplice's testimony was corroborated by other evidence tending to connect the defendant with the offense charged, etc., was reversible error. The facts must do more than tend to show guilt; they must be cogent enough to overcome the presumption of innocence and reasonable doubt.

**5.—Same—Murder Committed in Perpetration of Robbery—Malice.**

Upon trial for murder, it was reversible error to charge the jury that if any person in the perpetration or in the attempt to perpetrate a robbery upon another shall take the life of such other he shall be deemed guilty of murder, and murder committed under such circumstances is murder in the first degree, as it authorized a conviction in the absence of malice.

**6.—Same—Charge of Court—Principal—Erroneous Theory.**

Where upon trial for murder, the evidence showed that another fired the fatal shot that killed deceased and that the defendant was present, a charge which instructed the jury that if the defendant alone or acting with another, while engaged in the perpetration of robbery did with malice aforethought kill deceased, to convict him of murder in the first degree was reversible error, and did not correctly apply the law of principals to the facts in the case.

**7.—Same—Form of Verdict—Practice.**

Upon trial for murder, where the evidence showed that the defendant did not fire the fatal shot and there was evidence that the prosecutrix or a codefendant

Vol. 51 Crim.—29.

fired the same, and the court undertook in his instructions to the jury to prescribe a form of verdict for murder in the first degree only, and omitted to give any form of verdict for a minor offense or that of acquittal, there was reversible error.

**8.—Same—Charge of Court—Robbery—Harmless Error.**

See opinion for charge of court defining the penalty for robbery by the use of fire arms which was held to be harmless error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. E. B. Muse.

Appeal from a conviction of murder in the first degree; penalty, death.

The opinion states the case.

*A. S. Baskett,* for appellant.—On question of indictment: Wilkins v. State, 35 Texas Crim. Rep., 525; Crews v. State, 34 Texas Crim. Rep., 533; Hedrick v. State, 40 Texas Crim. Rep., 532. On question of charge of murder in perpetration of robbery: Small v. Commonwealth, 81 Pa., 304; Mann v. State, 11 Law Rep., Ann., 656; Lane v. State, 85 Ala., 11; Pointer v. United States, 151 U. S., 396; Wharton on Homicide, 3rd ed., sec. 103, p. 142. On question of charge on principals: Red v. State, 47 S. W. Rep., 1003; Leslie v. State, 57 S. W. Rep., 659. On question of form of verdict: Williams v. State, 7 S. W. Rep., 333.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for murder in the first degree, and his punishment assessed at death.

This is the third appeal of this case, the former appeals being reported in 12 Texas Ct. Rep., 921, and 16 Texas Ct. Rep., 493.

Appellant's first bill of exceptions is to the refusal of the court to quash the indictment. There are two counts in same, one charging murder by express malice, and the other in the perpetration of robbery. The case was submitted to the jury upon the second count. Appellant's objection is that it does not charge who was robbed, or how or what he was being robbed of. The indictment is in the form laid down by White in his Annotated Penal Code. See section 1254; and said form is supported by all the authorities of this court. See Wilkins v. State, 35 Texas Crim. Rep., 525; Crews v. State, 34 Texas Crim. Rep., 533, and Hedrick v. State, 40 Texas Crim. Rep., 532. In the latter case the question is reviewed at some length, and all of appellant's insistences discussed.

Appellant's second bill of exceptions is to the action of the court in permitting the State, over appellant's objection, to prove that Mrs. Aronoff was excited when appellant was brought before her. In the trial of the case appellant took the position that when defendant was first presented to her she did not recognize him. The State to account for her

conduct offered proof to show her weak and prostrated condition, and that she was not able to stand up and had to be assisted by others. The testimony of the State was a rebuttal of the proper deduction to be drawn by appellant from a failure to recognize the defendant in the first instance.

Appellant objected to the following charge of the court: "If any person in the perpetration or attempt to perpetrate a robbery upon another shall take the life of such other, he shall be deemed guilty of murder, and murder committed under such circumstances is murder in the first degree," the objection to said charge being that the same was not the law, because it makes all killing under such circumstances murder without regard to whether such killing was upon malice or not. This proposition has been settled against appellant by a long line of authorities above cited, and also by the following authorities: Walker v. State, 7 Texas Crim. App., 245; Lucas v. State, 19 Texas Crim. App., 79; Smith v. State, 31 Texas Crim. Rep., 14; King v. State, 34 Texas Crim. Rep., 228, and numerous other authorities. The charge of the court defines malice, malice aforethought and murder in the first degree.

Appellant further complains that the court erred in telling the jury the penalty for robbery by the use of firearms. It was not necessary for the court to do this in his charge, but it certainly could not be any reversible error to do so since appellant was not being tried for robbery but for murder in the perpetration of robbery. The evidence in this case conclusively establishes appellant's guilt. For collation of same see previous opinions of this court on this case above cited. It shows a cruel, wanton and reckless killing and a dastardly effort to rob a helpless man who was pursuing the peaceful vocation of running a store in the City of Dallas.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

June 28, 1907.

DAVIDSON, PRESIDING JUDGE.—At a former day of this term the judgment in this case was affirmed. Many questions are suggested why this rehearing should be granted. It is contended the court erred in not sustaining error assigned upon the second bill of exceptions reserved to the action of the court permitting the prosecution to prove that Mrs. Aronoff was excited when appellant was brought before her. Upon the original hearing we were of the opinion there was no error in this. Upon more mature reflection we believe we were wrong. The bill of exceptions recites that while Policeman Brice was testifying in behalf of defendant he stated that Mrs. Aronoff failed to identify the defendant as being one of the parties who was present at the killing of her husband; that this occurred the day following the death of her husband, and at the city hall in the City of Dallas. Upon cross-examination the

State asked the witness to describe her appearance to the jury. The answer was "she was nervous and prostrated from the shock of this thing." To this appellant urged several objections. The witness further answered: "Well, I will say further it taken two officers to hold this lady up while she was looking at these people." He was further asked this question: "She was crying, was she not? A. Yes, sir; the reason I say that is because the officers had to lead her from the carriage into the hall." He further testified that the officers had to assist her down the stairs. There are many objections urged to the admission of this testimony, which we believe were well taken. The defendant placed Capt. Brice upon the stand to prove that the day following the homicide Mrs. Aronoff failed to identify appellant as one of the parties who should have slain her husband. She was perhaps the most important witness for the prosecution, and identified him upon the trial of the case before the jury. If the State could have shown that Mrs. Aronoff was in such mental condition the day following the death of her husband that she could not recognize people, perhaps it would have been a legitimate cross-examination by the State, but the fact that she was nervous and weak from crying, and had to be assisted up and down the stairs at the jail, we do not believe was competent evidence for this purpose, and certainly it was calculated to prejudice the minds of the jury adversely to appellant.

The State, through the witness Frank McCue, while he was being examined in chief, proved that he, Vann and appellant, on the evening of and prior to the killing went to Oak Cliff in a buggy and that they returned, or his evidence tended to show they returned from Oak Cliff to Dallas prior to the killing. In this connection the following testimony was elicited by the State: "Q. Was there anything said about a pistol going over or coming back? A. Holly said something about shooting his pistol off going over there. Q. Well, what did he say, if you can give the words? A. Said he believed he would shoot the pistol. Q. Well, did he do it? A. No, sir. Q. Why not? A. We objected. Q. Who objected? A. Burrell and I. Q. Was there anything said about it at any time coming back? A. He said the same thing. Q. Did he do it coming back? A. No, sir. Q. Why not? We objected." Various questions are urged to the introduction of this testimony. While this testimony was perhaps not of a serious character, yet it was, in our judgment, not admissible, and was to some extent hurtful. Upon another trial we suggest that this matter be omitted.

One of the most serious questions is the charge of the court in regard to accomplice's testimony. The court charged the jury in this respect, as follows: "A conviction cannot be had upon the testimony of an accomplice unless the jury first believes the accomplice's evidence is true, and that it shows or tends to show the defendant is guilty; and then you cannot convict unless the accomplice testimony is corroborated by other evidence tending to connect the defendant with the offense

charged, and the corroboration is not sufficient if it merely shows the commission of the offense." The main portion of the charge is stereo-typed as to the definition of an accomplice, and who they are and what it takes to constitute an accomplice. This charge is in our judgment clearly erroneous. It authorizes the conviction of appellant upon the testimony of an accomplice which *"tends"* to show that appellant com-mitted the offense charged provided he is corroborated by evidence *"tending"* to connect the defendant with the offense. So this charge condensed may be stated to announce the proposition that if an ac-complice detailed evidence which *"tends"* to show an accused party guilty, it is sufficient provided there is corroboration *"tending"* to con-nect the defendant with the offense charged. So we have in the place of evidence which must prove beyond a reasonable doubt the guilt of the accused, facts from two sources, one legally discredited, which tend to show guilt. This is not legally sufficient. Facts must do more than *tend* to show guilt; they must be cogent enough to overcome the pre-sumption of innocence and reasonable doubt. There may be quite a mass of testimony which would tend to show guilt, but even in a case of circumstantial evidence these facts must be of sufficient cogency to exclude every reasonable hypothesis except that of guilt. Statements of an accomplice tending to show the guilt of an accused, aided by facts tending to show it from another source, do not meet the re-quirements of the law. This charge is without precedent so far as we have been enabled to ascertain, and for the first time a charge of this sort has been brought to the attention of this court. The error just mentioned was not discussed in the original opinion.

There is another serious question suggested for reversal in regard to the following charge: "If any person in the perpetration, or in the attempt to perpetrate a robbery upon another shall take the life of such other, he shall be deemed guilty of murder, and murder committed under such circumstances is murder in the first degree." Upon an-other trial if thought necessary to give a charge upon this subject, it should be framed in accordance with the statute, which provides that all murder committed in the perpetration of robbery is murder in the first degree. To plainly state it, if a homicide is committed upon malice aforethought, it would be murder in the first degree if com-mitted in the perpetration of robbery. All killing is not murder, and unless the killing amounts to murder in the first or second degree, it would not justify a conviction for that high grade of punishment when committed in the perpetration of robbery. This charge authorizes the jury to convict appellant for murder in the first degree if a killing was done in the perpetration or in an attempt to perpetrate a robbery. The vice in this charge is that it authorizes a conviction for the killing in the absence of malice. This is not the law in Texas. We deem it unnecessary to discuss this question from the standpoint of the au-thorities. The decisions are numerous. Applying the law to the facts, the court instructed the jury: "If you believe from the evidence that

defendant, Burrell Oates alone, or acting in conjunction with one, Holly Vann, did, as is charged in the indictment, on or about the 29th day of November, 1904, in Dallas County, and State of Texas, unlawfully, while engaged in the perpetration of robbery, did then and there unlawfully and of his malice aforethought kill and murder Sol Aronoff by then and there shooting him," etc., "you will convict him of murder in the first degree," etc. This charge is seriously criticised as being incorrect, and in our judgment these criticisms are just. The evidence in the case is found sufficiently reported in the two former appeals in 12 Texas Ct. Rep., 921, and 16 Texas Ct. Rep., 493. Under the theory of the State, as shown by its testimony, appellant did not kill Sol Aronoff; on the contrary the State sought to prove that he was killed by Holly Vann, and not by appellant. The further theory of the State was that appellant was a principal by reason of his presence at the time of the homicide and acted with Holly Vann as a principal in the transaction. This charge seems to have been predicated upon the thought in the mind of the court that appellant shot deceased either alone or in conjunction with Holly Vann. There is no evidence that sustains this theory in the record that we have been able to discover. If Vann killed the deceased in the perpetration of robbery, and appellant was present, knowing his unlawful intent, and aided him in the homicide, he (appellant) should be guilty as a principal by reason of the fact that he was adopting the act and intent of Holly Vann. If he was present and did not act with Holly Van nor did not encourage him or aid him in any manner in killing or in perpetrating the robbery, he would not be guilty of the same intent that actuated Holly Vann. In order to connect defendant with this transaction, as a guilty participant, the facts must show that he assisted, aided or encouraged in some way the actual doer Holly Vann, knowing his unlawful intent and purpose, and if he did so, so as to connect him with it, he was what we term in law a principal in the second degree, and his guilt depends upon his adoption of the act and purpose of Holly Vann. The charge here criticised does not place appellant in this attitude towards the case, for it submits the law upon the theory that he (appellant) fired the shot either alone or in conjunction with Holly Vann. The writer deems it unnecessary to go into a detailed discussion of this matter, and will simply refer to Red v. State, 47 S. W. Rep., 1003, and Leslie v. State, 57 S. W. Rep., 659. The charge upon another trial should be given in accordance with the principles laid down in those cases.

There are some other criticisms of the charge in regard to principals, in that the court merely gave abstract definitions and failed to apply the law directly to the facts. If the charge upon another trial conforms to the principles laid down in the Red and Leslie cases, supra, we think the criticisms will be obviated.

There is another exception to the charge to the effect that it prescribes only a form of verdict for murder in the first degree, and omits to give any form with reference to acquittal or for any minor offense.

In this respect the charge is imperfect. While it may not be materially so, yet it should be avoided upon another trial. The evidence shows that appellant did not do the killing, and there is evidence from which the jury could arrive at a verdict that Holly Vann did not kill Aronoff, but that Mrs. Aronoff fired the fatal shot that killed her husband. As was said in Williams v. State, 7 S. W. Rep., 333, "It is not essential to the sufficiency of the charge that it should instruct the jury in the forms of verdict which may be rendered by them though it is very proper we think to do so, but when such instructions are given they should embrace every verdict which might be rendered in the case so as to avoid conveying to the minds of the jury any impression as to the opinion of the court as to which of several verdicts might or should be rendered." Appellant had a right to have the jury consider the facts that his co-principal Vann did not do the killing, and if not, Vann would not be guilty of murder, and of course if he was not guilty of murder, appellant necessarily would not be, because appellant did not do the killing himself, and Mrs. Aronoff makes this patent. The court giving the only form of murder in the first degree, may have impressed the jury that in his judgment there was no other sort of verdict to be rendered, except one convicting appellant of murder in the first degree.

After a careful revision of the record, and the questions involved under the bills of exception and motion for new trial, we are of opinion that the rehearing should be granted, the affirmance set aside, and the judgment reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

Brooks, Judge, absent.