## Dan Greathouse v. The State.

### No. 4312.   Decided March 11, 1908.

**1.—Theft of Mule—Jurisdiction, Plea to.**

Where upon trial for theft of a mule, the defendant interposed his plea to the jurisdiction on the ground that defendant had been examined by a justice of the peace in another county on the same charge who remanded him to custody, and the record showed that defendant had not been indicted in said county, the jurisdiction of the district court in the county of the trial, where defendant had been indicted, was not defeated by the proceedings in the other county, no indictment having been preferred therein. Following Pearce v. State, 50 Texas Crim. Rep., 507.

**2.—Same—Charge of Court—Weight of Evidence.**

Where upon trial for theft of a mule, the charge of the court, as a whole, was a proper presentation of the law of theft, a criticism on a portion of the charge that the jury were authorized to convict the defendant on possession alone, was untenable.

**3.—Same—Accomplice Testimony—Charge of Court—Harmless Error.**

Where upon appeal from a conviction of theft of a mule, appellant's motion for a new trial did not point out the error in the charge of the court complained of, the same could not be considered on appeal from a general objection that the charge of the court authorized the conviction on too low a degree of proof, with reference to accomplice's testimony; besides the record does not suggest that any of the State witnesses were accomplices.

Appeal from the District Court of Wise. Tried below before the Hon. J. W. Patterson.

Appeal from a conviction of theft of a mule; penalty, five years imprisonment in the penitentiary.

The following statement from the brief of the assistant attorney-general is substantially correct: The prosecuting witness, Ike Johnson, resided in Mineral Wells, in Palo Pinto County, and on December 15, 1907, a mule was taken from his lot, and this mule was sold upon the public square in Decatur, Wise County, Texas, to Mr. Miller, on December 18, 1907, by appellant in this case. Ike Johnson recovered his mule from Miller. The defendant claimed that he had gotten the mule fifteen miles from Mineral Wells from the possession of his brother-in-law, Ed Howell. This witness was never placed upon the stand. Defendant claimed that several persons were present when he got the mule from Howell. These witnesses were all placed upon the stand and testified to the falsity of this assertion of the defendant.

*Ford & Patterson,* for appellant.—On question of charge of court on accomplice testimony: Oates v. State, 50 Texas Crim. Rep., 39; 103 S. W. Rep., 859.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This is a conviction for theft of a mule, the punishment assessed being five years confinement in the penitentiary.

The facts in this case show that appellant took the animal in Palo Pinto County and carried it to Decatur, in Wise County, where he sold it.

In the trial of the case appellant filed a plea to the jurisdiction on the ground that defendant had had an examining trial before the justice of the peace in Mineral Wells, Palo Pinto County, for the same offense herein charged, and was remanded to the custody of the sheriff of Palo Pinto County to await the action of the grand jury on said charge; that at the time of the returning of this indictment in Wise County there was pending in said Palo Pinto County, before a court having jurisdiction thereof, to wit: the justice court this identical cause. The State filed an exception to the plea, which was sustained by the court, and said plea was stricken out, and appellant excepts. This question was decided against appellant's contention in the case of Pearce v. State, 50 Texas Crim. Rep., 507; 17 Texas Ct. Rep., 447. We there held that the jurisdiction of the court cannot attach until, first, the property has been within the terms of the statute in the county; and, second, that the indictment has been preferred. It takes these steps, at least the return of the indictment, to attach the jurisdiction of a district court. The bare arrest of appellant in Palo Pinto County and an examining trial before a justice of the peace would not defeat the jurisdiction of the District Court of Wise County.

Bill of exceptions No. 2 complains of the following charge: "And if you believe that after the defendant took said mule and before the 10th day of January, 1908, he, the defendant, brought said mule into Wise County, Texas, and had said mule in his possession in said Wise County, Texas, you will find defendant guilty." Appellant insists that said charge is erroneous in that it assumes before the jury that defendant took the mule, and is a charge on the weight of the testimony, and authorizes the jury to convict defendant on the possession alone. We do not think appellant's criticism is correct. The whole charge reads as follows: "If in this case you believe from the evidence beyond a reasonable doubt, that the defendant did, in the County of Palo Pinto and State of Texas, at any time within five years next before the 10th day of January, 1908 (which is the date of the filing of the indictment in this case), fraudulently take from the possession of Ike Johnson, the mule as alleged in the indictment, without the consent of the said Ike Johnson and with the intent to deprive the said Ike Johnson of the value of the same, and to appropriate it to the use of him, the

said defendant, and that- the said Ike Johnson was at the time the owner of said mule, and if you believe that after the defendant so took the said mule, and before the 10th day of January, 1908, he, the defendant, brought said mule into Wise County, Texas, and had said mule in his possession in said Wise County, Texas, you will find the defendant guilty and so say, and assess his punishment at confinement in the penitentiary for any time not less than two nor more than ten years." As suggested, taking the charge as a whole, it is a proper presentation of the law of theft.

The last insistence of appellant is that the court erred in his charge on accomplice testimony, because same allowed a conviction on too low degree of proof. The charge is erroneous under the rule laid down in Burrel Oates v. State, 103 S. W. Rep., 859, but appellant's suggestion does not point out the error therein complained of, since we there held that the charge was a charge on the weight of evidence. We are not called upon to review any error except that pointed out in the motion for a new trial or in bills of exception. It is not an accurate criticism upon the charge to say that it authorizes a conviction on too low a degree of proof. Furthermore, although erroneous, the charge could not have injured appellant in this case since the evidence, to our minds, does not suggest that any of the witnesses in this case were accomplices. The witness Miller, to whom the party sold the animal, bought it in the ordinary open market, various parties standing near, in the town of Decatur. He (Miller) says he rather suspicioned appellant may have stolen the animal by the price he paid for it, which was some $20 or $25 less than the market value of the mule. This testimony, and this is all, does not suggest that Miller was an accomplice.

There is no error in this record that authorizes a reversal of this case, and the judgment is affirmed.

*Affirmed.*