NO. 07-08-0087-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 16, 2008
_____

DELVETRA LASHERL JENNINGS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17,382-0710; HON. ROBERT W. KINKAID, JR., PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Delvetra Lasherl Jennings was indicted for burglary of a habitation with intent to commit aggravated assault. Yet, a jury convicted her of a lesser crime, that being burglary of a habitation with intent to commit simple assault. Here, she complains of the jury charge and asserts that the trial court erred in 1) omitting from it a verdict form that permitted the jurors to find her "not guilty" of any offense, 2) improperly commenting on the evidence via

the charge, and 3) omitting from the charge the purportedly lesser-included offenses of assault and criminal trespass. We affirm the judgment.

*Background*

Appellant and the victim Michael Ray entered into a relationship whereby Ray agreed to install a new engine in appellant's automobile. She paid him $750, but Ray did not complete the work. On October 8, 2007, appellant, her boyfriend Preston Alexander, and a third unidentified man entered Ray's home through the front door, without knocking, assaulted him, and vandalized his house.

*Issue 1 - "Not Guilty" Verdict Form*

In her first issue, appellant complains that the trial court erred in failing to submit to the jury a "not guilty" form with respect to the crime for which she was ultimately convicted. We overrule the issue.

Three verdict forms were submitted to the jury. They allowed the jury to find appellant either not guilty of burglary of a habitation with intent to commit aggravated assault, guilty of burglary of a habitation with intent to commit aggravated assault, or guilty of burglary of a habitation with intent to commit assault. No request was made, however, for a form allowing the jury to find appellant not guilty of the lesser charge. Nor did appellant object to its absence. Thus, she waived the complaint. *Contreras v. State,* 54 S.W.3d 898, 906 (Tex. App.–Corpus Christi 2001, no pet.) (holding that the failure to include a "not guilty" form was not fundamental error and required an objection to preserve it for appellate review); *Hegar v. State,* 11 S.W.3d 290, 298 (Tex. App.–Houston [1st Dist.] 1999, no pet.) (holding that the complaint about improper verdict forms had been waived

2

due to the failure to object at trial); *Uzal v. State,* No. 03-99-0242-CR, 2000 Tex. App. LEXIS 79 at *2-3 (Tex. App.–Austin January 6, 2000, no pet.) (not designated for publication) (holding that the omission of a not guilty form is not fundamental error).[1]

*Issue 2 - Comment on the Weight of the Evidence*

Appellant next complains about a portion of the trial court's charge being a comment on the weight of the evidence. Yet, she did not object to it below. Thus, the complaint was not preserved for review, and we overrule it. *Contreras v. State,* 54 S.W.3d at 906 (holding that the failure to object to an alleged comment on the weight of the evidence waives the claim); *Martinez v. State*, 691 S.W.2d 791, 793 (Tex. App.–El Paso 1985, no pet.) (holding the same).

*Issue 3 - Lesser-Included Offenses*

Finally, appellant contends that the trial court erred in failing to instruct the jury on the purported lesser-included offenses of simple assault and criminal trespass. We overrule the issue.

A party is entitled to an instruction on a lesser offense if 1) the lesser offense is included in the proof necessary to establish the greater offense, and 2) some evidence exists that would permit a jury to rationally find that if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State,* 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). In applying the first prong, we compare the elements of the lesser crime to those of the greater as the latter is described in the indictment. *Hall v. State,* 225 S.W.3d 524,

---

[1]We have held that verdict forms need not be provided to the jury. *Hernandez v. State*, No. 07-96-0251-CR, 1997 Tex. App. LEXIS 1958 at * 13 (Tex. App.–Amarillo April 15, 1997, pet. ref'd). Consequently, they are not part of the court's charge to the jury. *Id.* That being so, the failure to raise complaints regarding the verdict forms is not subject to the harm analysis described in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985), for *Almanza* encompasses error in the court's *charge. Id.* at 171.

535-36 (Tex. Crim. App. 2007). In other words, if the elements of the supposed lesser offense are not included in the wording of the crime contained in the indictment, it is not a lesser-included offense.

As previously mentioned, the State charged appellant with burglary of a habitation with the intent to commit aggravated assault. It described the crime in the indictment by alleging that she "with intent to commit the felony . . . of aggravated assault, intentionally or knowingly enter[ed] a habitation, without the effective consent of Michael Ray, the owner thereof." To see if the first lesser offense sought by appellant (assault) falls within that verbiage, we turn to the applicable statute and discover that assault consists of 1) intentionally, knowingly, or recklessly causing another bodily injury, 2) intentionally or knowingly threatening another with imminent bodily injury, or 3) intentionally or knowingly causing physical contact with another under various circumstances (none of which are applicable here). TEX. PENAL CODE ANN. § 22.01(a) (Vernon Supp. 2008). Comparing the elements of the two crimes reveals that the burglary accusation does not require proof of bodily injury, threats, or touching while assault does. For this reason, simple assault is not a lesser-included offense of burglary consisting of the entry into a habitation with the intent to commit aggravated assault. *Rojas v. State,* No. 07-05-0359-CR, 2006 Tex. App. LEXIS 3222 at *4 (Tex. App.–Amarillo April 20, 2006, pet. ref'd) (not designated for publication) (involving burglary described as entry with the intent to commit assault); *see also Jacob v. State,* 892 S.W.2d 905, 909 (Tex. Crim. App. 1995) (stating that aggravated assault itself is not a lesser offense of burglary of a habitation with intent to commit aggravated assault).

As for criminal trespass, it is defined as entering or remaining on or in property or a building of another without the other's effective consent "and" having notice that the entry

was forbidden or receiving notice to depart but failing to do so. TEX. PENAL CODE ANN. § 30.05(a)(1) & (2) (Vernon Supp. 2008). Comparing this offense to that alleged in the indictment reveals that the latter omits the element of notice, *i.e.* either notice that entry was forbidden or notice to depart. So, the facts necessary to convict one of criminal trespass are not within the scope of the offense alleged in the indictment. Thus, it too is not a lesser-included offense. *See Salazar v. State,* 259 S.W.3d 232, 233-34 (Tex. App.– Amarillo 2008, pet. granted) (holding that criminal trespass was not a lesser-included offense of burglary given the element of notice in the former which was absent from the latter).

Having overruled all of appellant's issues, we affirm the judgment.


Brian Quinn
Chief Justice


Publish.