

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0261-09

**DELVETRA LASHERL JENNINGS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SEVENTH COURT OF APPEALS
## HALE COUNTY

COCHRAN, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, JOHNSON, KEASLER, HERVEY and HOLCOMB, JJ., joined. KELLER, P.J., filed a concurring opinion.

### OPINION

This case presents a simple question: is the verdict form a part of the jury charge?[1]

---

[1] We granted appellant's four grounds for review:

(1)   Were the jury verdict forms submitted to the jury in this case a part of the court's charge to the jury?

(2)   If the jury verdict forms submitted to the jury in this case were not part of the jury charge, are the forms an integral part of the verdict and subsequent judgment of the court based on the jury's verdict?

(3)   Should an improper verdict form submitted to the jury in this case be subject to the harm analysis described in *Almanza v. State*?

It is. Therefore, if the verdict form contains mistakes or omissions, those errors are analyzed for harm under the *Almanza*[2] standards of review. We reverse the court of appeals, which stated that a verdict form is not part of the jury charge and held that if a defendant fails to object to the omission of a "not guilty" option on the verdict form, she fails to preserve any complaint on appeal.[3]

I.

Appellant was indicted for burglary of a habitation with intent to commit aggravated assault. The evidence at trial showed that appellant paid Michael Ray, the complainant, $750 to install a new engine in her car. He did not finish the job, so appellant, along with her boyfriend and another man, entered Mr. Ray's home through the front door without knocking, assaulted him, and vandalized his home. Appellant's boyfriend put a rope around Mr. Ray's neck, threatened him with a knife, and hit him with his hands. Mr. Ray said that appellant also hit him, but he did not suffer any serious injuries as a result of the assault.

The trial judge instructed the jury on first-degree burglary of a habitation with intent

(4)    Were petitioner's due process rights under the Fourteenth Amendment to the United States Constitution and right to due course of law under Article I, § 19 of the Texas Constitution violated as a result of the failure of the court to submit a "not guilty" verdict on all charges to the jury?

Because we are remanding this case to the court of appeals to analyze the purported jury verdict form error under *Almanza*, we need not address appellant's fourth ground for review.

[2] *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985).

[3] *Jennings v. State*, 275 S.W.3d 574, 575 (Tex. App.—Amarillo 2008) (because appellant failed to request a verdict form that would allow the jury to find her "not guilty" of the lesser-included offense for which she was convicted, she waived the complaint on appeal).

to commit aggravated assault as well as the lesser-included offense of second-degree burglary with intent to commit assault. After the application paragraph dealing with the charged offense, the judge instructed the jury that, if it had a reasonable doubt of her guilt of burglary with intent to commit aggravated assault, it should "consider whether she is guilty of the lesser included offense of burglary of a habitation with intent to commit assault." Then, after setting out the application paragraph for the lesser-included offense, the trial judge instructed the jury, "If you have a reasonable doubt that the defendant is guilty of any offense you will acquit the defendant and say by your verdict not guilty." Finally, at the end of the jury charge, the trial judge instructed the jury that "when you have unanimously agreed upon a verdict, [] certify to your verdict by using the appropriate form attached hereto and signing the same as Foreman." In fact, the trial judge repeated this instruction as his penultimate sentence of the jury charge: "After you have reached a unanimous verdict, the Foreman will certify thereto by filling in the appropriate form attached to this charge and sign the same as Foreman." Unfortunately, the attached verdict form provided the jury with only three options:

> "We, the Jury, find the defendant Delvetra Lasherl Jennings, not guilty of the offense of burglary of a habitation with intent to commit aggravated assault as charged in the indictment."

> _____
> Foreman

> "We, the Jury, find the defendant Delvetra Lasherl Jennings, guilty of the offense of burglary of a habitation with intent to commit aggravated assault as charged in the indictment."

_____
Foreman

"We, the Jury, find the defendant Delvetra Lasherl Jennings, guilty of the lesser included offense of burglary of a habitation with intent to commit assault as charged in the indictment."

_____
Foreman

There was no "not guilty" option for the lesser-included offense.  No one noticed this omission.  Appellant did not object, and the jury did not question its absence.  It returned a guilty verdict on the lesser-included offense of burglary with the intent to commit assault.

Appellant complained about this omission for the first time on appeal.  The court of appeals held that she had waived the complaint because she had not objected to its omission at the time of trial.[4]  The court also stated that the verdict forms are not part of the jury charge, and thus "the failure to raise complaints regarding the verdict forms is not subject to the harm analysis described in *Almanza v. State*."[5]

## II.

Article 37.01 of the Code of Criminal Procedure states that a verdict is "a written declaration by a jury of its decision of the issue submitted to it in the case."[6]  Article 37.04 explains how that written verdict is presented in court:

---

[4] *Jennings*, 275 S.W.3d at 575.

[5] *Id.* at 575 n.1.

[6] Tex. Code Crim. Proc. art. 37.01.

When the jury agrees upon a verdict, it shall be brought into court by the proper officer; and if it states that it has agreed, the verdict shall be read aloud by the judge, the foreman, or the clerk. If in proper form and no juror dissents therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court.[7]

Article 37.07 requires the jury to find "that the defendant is either guilty or not guilty,"[8] and

[i]f the charging instrument contains more than one count or if two or more offenses are consolidated for trial pursuant to Chapter 3 of the Penal Code, the jury shall be instructed to return a finding of guilty or not guilty in a separate verdict as to each count and offense submitted to them.[9]

Thus, the trial judge is required to instruct the jury that it may return either a "guilty" or "not guilty" verdict to all counts of the charged offenses and to any lesser-included offenses that are submitted to the jury.[10]

Even though the judge is required to instruct the jury on both "guilty" and "not guilty" options for all charges, no statute requires the trial judge to submit a written verdict form with the jury charge.[11] In fact, article 37.10 expressly acknowledges the possibility of an "informal verdict"–one that does not meet the legal requirements of being written or

---

[7] *Id.*, art. 37.04.

[8] *Id.*, art. 37.07, § 1(b) ("If the plea is not guilty, they must find that the defendant is either guilty or not guilty, and, except as provided in Section 2, they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty.").

[9] *Id.*, art. 37.07, § 1(c).

[10] *Id.*, art. 37.08 ("In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense.").

[11] *See Bolden v. State*, 489 S.W.2d 300, 301 (Tex. Crim. App. 1972); *Berghahn v. State*, 683 S.W.2d 697, 699-701 (Tex. Crim. App. 1984) (Clinton, J., dissenting).

answered as authorized–and sets out the method to repair its "informality."[12]  Thus, in theory

at least, the trial judge may simply send the jurors back with the jury charge and instruct them

to create their own written verdict form.  And, if they do not do the job correctly, the trial

judge will keep sending them back until they do get it right.  This is a hazardous proposition,

so more than 100 years ago, judges began attaching a verdict form to the jury charge itself,

even though they were not required to do so.[13]  In 1888, this Court set out the governing rule

concerning the judicial submission of verdict forms:

> It is not essential to the sufficiency of the charge that it should instruct the jury
> in the forms of verdicts which may be rendered by them, though it is very
> proper, we think, to do so.  But when such instructions are given, they should
> embrace every verdict which might be rendered in the case, so as to avoid
> conveying to the minds of the jury any impression as to the opinion of the
> court as to which of several verdicts should be rendered.[14]

---

[12]  TEX. CODE CRIM. PROC. art. 37.10(a) ("If the verdict of the jury is informal, its attention shall be called to it, and with its consent the verdict may, under the direction of the court, be reduced to the proper form.  If the jury refuses to have the verdict altered, it shall again retire to its room to deliberate, unless it manifestly appear that the verdict is intended as an acquittal; and in that case, the judgment shall be rendered accordingly, discharging the defendant."); *see, e.g., Murphree v. State*, 115 S.W. 1189, 1190 (Tex. Crim. App. 1908).

[13]  *See Harris v. State*, 293 S.W. 822, 824 (Tex. Crim. App. 1927) ("Our opinions are not in harmony upon the propriety of furnishing forms of verdict.  Some hold it to be a commendable practice.  Other opinions discourage the practice.") (internal citations omitted).  For a brief history on the evolution of the practice of judicial submission of verdict forms with the jury charge, see Judge Clinton's discussion in *Berghahn*, 683 S.W.2d at 699-701 (Clinton, J., dissenting).

[14]  *Williams v. State*, 7 S.W. 333, 336 (Tex. Ct. App. 1888); *Oates v. State*, 103 S.W. 859, 862 (Tex. Crim. App. 1907) ("There is another exception to the charge to the effect that it prescribes only a form of verdict for murder in the first degree, and omits to give any form with reference to acquittal or for any minor offense.  In this respect the charge is imperfect.  While it may not be materially so, yet it should be avoided upon another trial.").  *See* 1 BRANCH'S ANNOTATED PENAL CODE § 677, at 652 (2d ed.) ("If the court desires to furnish the jury with a

One hundred and twenty years later, that is still Texas law: a trial judge need not attach a verdict form to the jury charge, but if he does so, it must set out every "guilty" or "not guilty" option that is available to the jury. The verdict form then becomes a part of the jury charge,[15] and, as in the present case, is incorporated by reference to the main charge.[16] And this Court has stated that it is "improper" to submit a verdict form that omits any "guilty" or "not guilty" option that is available to the jury.[17]

Some courts of appeals, including the court in this case, have held that a defendant waives his right to complain about errors and omissions in the jury verdict form if he failed to object in the trial court.[18] These courts have relied upon two cases decided by this Court

form for their verdict he should include a form for every verdict which might be rendered so as to avoid conveying to the minds of the jury any impression as to the opinion of the court as to which of several verdicts might or should be rendered.").

[15] *See Pieratt v. State*, 146 S.W.2d 997, 999 (Tex. Crim. App. 1940) (noting that "[n]o objection was urged to that part of the charge containing the forms of a verdict" and stating that the punishment verdict form was "incorporated" into the main jury charge); *Riley v. State*, 75 S.W.2d 880, 881 (Tex. Crim. App. 1934) (stating that the form of verdict "was written into and made a part of the court's charge and was read and given to the jury by the court, and was the only form of verdict so written and put into the charge.").

[16] As noted above, the jury charge in this case expressly referred to "the appropriate form attached to this charge[.]"

[17] *See Oates*, 103 S.W. at 862; *Williams*, 7 S.W. at 336.

[18] *See, e.g., Contreras v. State*, 54 S.W.3d 898, 906 (Tex. App.—Corpus Christi 2001, no pet.) ("Any alleged failure to include a 'not guilty' provision in the charge was not fundamental error and required a trial objection for appellate review.") (citing *Berghahn*, 683 S.W.2d at 698; *Bolden*, 489 S.W.2d at 302); *Hegar v. State*, 11 S.W.3d 290, 298 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("We agree with the State that appellant waived error, if any, as to the form of the verdict because he did not object at trial when given the opportunity to do so by the trial court.").

before *Almanza v. State*.[19]   In the 1972 case of *Bolden v. State*,[20] this Court stated that because the defendant failed to object to the charge or to the attached verdict forms, his complaint concerning the sufficiency of the "not guilty" option was "not properly before us for review."[21]  Nonetheless, we addressed the merits of the complaint and held that "[a] form for not guilty, although not a proper one, was submitted" and therefore "no harm or reversible error has been shown."[22]  In the 1984 case of *Berghahn v. State*,[23] this Court relied upon *Bolden* to hold that unobjected-to error in the verdict form was not preserved for review when there was no trial objection.[24]

One year later, in 1985, this Court delivered its decision in *Almanza v. State*.[25]  Under *Almanza*, all jury-charge errors are cognizable on appeal, but unobjected-to error is reviewed for "egregious harm," while objected-to error is reviewed for "some harm."[26]  And, in 1989, this Court first applied the *Almanza* analysis to asserted error in the jury verdict form.[27]  We

---

[19] 686 S.W.2d 157 (Tex. Crim. App. 1985).

[20] 489 S.W.2d 300 (Tex. Crim. App. 1972).

[21] *Id.* at 302.

[22] *Id.* at 303.

[23] 683 S.W.2d 697 (Tex. Crim. App. 1984).

[24] *Id.* at 698-99 (original op.), 701 (op. on reh'g).

[25] 686 S.W.2d 157 (Tex. Crim. App. 1985).

[26] *Id*. at 171.

[27] *Callins v. State*, 780 S.W.2d 176, 190-91 (Tex. Crim. App. 1989) (noting *Bolden*, *Berghahn*, and *Harris*, and stating that it would apply the *Almanza* analysis for determining harm

have continued to do so, as have several courts of appeals.[28]

III.

In this case, the court of appeals mistakenly relied upon pre-*Almanza* cases for the proposition that a complaint about purported errors and omissions in the jury verdict form is waived on appeal if the defendant failed to object to those errors in the trial court. All jury-charge errors, including errors in the verdict form, are cognizable on appeal under *Almanza*.[29] We therefore reverse the judgment of the court of appeals and remand the case to that court to analyze the asserted error in the jury-verdict form under the standards set out in *Almanza*.

---

in the jury verdict form).

[28] *See Olivas v. State*, 202 S.W.3d 137, 144-45 (Tex. Crim. App. 2006) (applying *Almanza* to jury verdict form used for a deadly weapon finding); *Rice v. State*, 746 S.W.2d 356, 360-61 (Tex. App.—Fort Worth 1988, pet. ref'd) ("Because Rice failed to object to the charge or verdict forms, we may reverse this cause only if the error egregiously harmed him" under *Almanza*); *Sanchez v. State*, 722 S.W.2d 781, 782-84 (Tex. App.—Dallas 1986, pet. ref'd) (analyzing jury verdict form omissions and errors under *Almanza*); *Henley v. State*, No. 01-94-00067-CR, 1995 Tex. App. LEXIS 1718, at *6 (Tex. App.—Houston [1st Dist.] 1995) (not designated for publication) ("Complaints regarding improper verdict forms are to be evaluated in light of the *Almanza* factors.").

[29] During the cordial and well-spoken presentation at oral argument by both the defense attorney and prosecutor, all parties agreed that the verdict form is part of the judge's charge to the jury and that purported errors and harm within that charge (including the verdict form) should be assessed under the *Almanza* standards. Both the prosecutor and defense attorney agreed that the appropriate resolution was to remand this case to the court of appeals. Although the prosecutor had originally suggested, in his brief, that a "not guilty" option for lesser-included offenses was perhaps unnecessary, after discussion with the Court, he agreed that a "not guilty" of any offense, including lesser-included offenses, was a necessary part of the jury verdict form. We commend both advocates for their honest and straightforward assistance to the Court.

Delivered: January 27, 2010

Publish