

# NUMBER 13-12-00468-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| ORLANDO REYES<br>A/K/A ORLANDO MARTINEZ REYES, | Appellant, |
| v. | |
| THE STATE OF TEXAS, | Appellee. |

### On appeal from the 347th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Orlando Reyes appeals his conviction for indecency with a child by contact, a second-degree felony. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). A jury found appellant guilty and assessed punishment at fifty years' confinement in the Texas Department of Criminal Justice, Institutional Division. By two issues, which we

have re-ordered, appellant argues that (1) the evidence is insufficient to support his conviction; and (2) the trial court failed to include a "not guilty" verdict form for the indecency charge. We affirm.

## I. BACKGROUND[1]

D.S., a four-year-old girl, approached her paternal aunt, Monica, and told her, "[A] man touched me down there." Monica testified that she asked D.S., "What man?" and D.S. responded, "Diana's man." Diana is D.S.'s great aunt. Monica asked, "Diana's boyfriend?" and D.S. answered, "Yes." Appellant is Diana's boyfriend.

D.S. was taken to a hospital, where Elizabeth Williams, a Sexual Assault Nurse Examiner, examined her. Williams's report reflected: "Patient states, 'Diana's boyfriend touched me there (patient points to female sexual organ) with him [sic] hand more than once. It hurts.'" The report was admitted into evidence, and Williams read the foregoing statement to the jury. Williams found no trauma but testified that digital penetration does not always cause trauma.

D.S. testified. She was five at the time of appellant's trial. The State asked D.S. if anyone touched the places on her body that nobody is supposed to see or touch. D.S. responded that "Guero" had. Guero is the nickname of Monica's brother, Adam Rivera, not appellant. The State thereafter asked D.S. whether it was appellant who touched her in those places, and D.S. responded, "Yes." Using a doll, D.S. then showed where appellant allegedly touched her, and the record reflects D.S. pointed to "the middle of the

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

doll which is the vaginal area." D.S testified that one night she awoke because appellant was "[t]ouching my middle part." On cross-examination, however, the defense asked D.S. to locate on the doll the places where *Guero* touched her, and D.S. pointed to the "middle portion." The following exchange between the State and D.S. occurred on redirect examination:

Q    Do you know who [appellant] is?

A    Yes.

Q    When you talk about [appellant], is that Diana's man? Was he Diana's boyfriend?

A    Uh-huh.

Q    "Yes"? Okay.

     And [appellant] touched you there one time in the middle. Can you say it aloud?

A    Yes.

Q    Okay. Who is Guero? Is that [appellant]?

A    Uh-huh.

Pamela Rodriguez, a forensic interviewer at the Children's Advocacy Center, interviewed D.S. after the alleged touching. D.S. told Rodriguez several times that appellant touched her on her "private," which D.S. indicated was her vagina by pointing to it. Rodriguez testified that D.S. was consistent in the details of appellant touching her. The trial court admitted a video recording of Rodriguez's interview, and it was published to the jury for consideration.

3

The State called Patricia Goldberg to testify. Goldberg was Adam Rivera's (a/k/a Guero) probation officer. Goldberg testified that Rivera was placed on community supervision in 2010, but that in March 2011, the State moved to revoke Rivera's community supervision. Goldberg affirmed on cross-examination that from March 2011 through appellant's trial, Rivera was in confinement. D.S.'s outcry was in July 2011.

## II.  SUFFICIENCY OF THE EVIDENCE

By his second issue, appellant argues the evidence is insufficient to support the verdict of guilty of indecency with a child. We disagree.

### A.  Standard of Review

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). "The jury is the exclusive judge of the credibility of the witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc) (citing *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996)). Juries are permitted to make reasonable inferences from the evidence presented at trial, and circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Hooper v. State*, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007).

4

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* A person commits indecency with a child if the person engages in sexual contact with a child younger than seventeen years of age or causes the child to engage in sexual contact. TEX. PENAL CODE ANN. 21.11(a)(1).

## B. Discussion

The law has long recognized that the testimony of a single witness can be sufficient to support a felony conviction. *See Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); *Shah v. State*, 403 S.W.3d 29, 35 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd); *see also Molina v. State*, No. 13-12-00480-CR, 2013 WL 4330222, at *5 (Tex. App.—Corpus Christi Aug. 15, 2013, no pet.) (mem. op., not designated for publication). A child victim's outcry statement alone can be sufficient to sustain a conviction for a sexual offense. *See Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991) (en banc); *Saldana v. State*, 287 S.W.3d 43, 60 (Tex. App.—Corpus Christi 2008, pet. ref'd).

D.S. testified that appellant touched her in her "middle," and she showed the jury the vaginal area on a doll as the location of the touching. D.S.'s outcry reflected that appellant touched her and that she felt pain as a result of the contact. The jury viewed

5

the video recording of Rodriguez's interview with D.S. in which D.S. repeatedly claimed appellant touched her on her private. When Rodriguez asked D.S. if anyone else touched her there, D.S. said, "No." Monica testified that when she discussed going to court with D.S., D.S. asked, "Because of what [appellant] did to me?" Goldberg testified that Rivera (a/k/a Guero) had been confined since March 25, 2011, more than three months before D.S.'s outcry in early July 2011.

Appellant primarily challenges D.S.'s identification of him as the person who improperly touched her. The jury, however, is the exclusive judge of a witness's credibility and the jury alone reconciles conflicts in the evidence. *See Wesbrook*, 29 S.W.3d at 111 (jury determines credibility); *Hooper*, 214 S.W.3d at 14 (jury can make reasonable inferences). Here, the jury could have reconciled D.S.'s testimony at trial, and could have concluded that appellant touched D.S. based upon the entirety of her testimony, the content of her outcry report statements, and the evidence that Rivera was confined at the time of the abuse.[2] The jury was free to disbelieve appellant's denial, which appellant gave to police during a recorded interview.

Viewing the evidence in the light most favorable to the prosecution, we conclude a rational jury could have found the essential elements of indecency with a child by contact

---

[2] Appellant also challenges D.S.'s credibility, arguing that she was inconsistent about her location at the time of the touching. Monica testified that D.S. and her family lived with Diana and appellant until about June 2011, when D.S. and her family moved to a new address. Appellant's contention relies on Detective Crispen Mendez's testimony that the child's statement indicated the touching occurred at the old address even though D.S. told Rodriguez it happened at her "new house." Detective Mendez testified, however, that he did not talk to D.S., deferring to the Child Advocacy Center for the interview. Rodriguez conducted that interview. We conclude that a rational jury could have reconciled this evidence, and that D.S.'s credibility was for the jury's determination. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc).

beyond a reasonable doubt. *See Johnson*, 364 S.W.3d at 293–94. We overrule appellant's second issue.

## III. VERDICT FORMS

By his first issue, appellant contends the trial court erred in omitting from the jury charge a "not guilty" verdict form in its submission of the lesser-included offense of indecency with a child.

The State charged appellant with aggravated sexual assault and the lesser-included offense of indecency with a child. The trial court submitted the verdict forms to the jury in the manner shown below:

<u>VERDICT FORMS</u>

COUNT 1
USE ONLY ONE FORM:

    We, the Jury, find the Defendant, ORLANDO REYES AKA ORLANDO MARTINEZ REYES, ***not guilty*** of Count 1: Aggravated Sexual Assault of a Child, as alleged in the indictment

                                  _____
                                    PRESIDING JUROR

<u>OR</u>

    We, the Jury, find the Defendant, ORLANDO REYES AKA ORLANDO MARTINEZ REYES, ***guilty*** of the lesser-included offense of Indecency with a Child.

                                    _____
                                    PRESIDING JUROR

7

<u>OR</u>

We, the Jury, find the Defendant, ORLANDO REYES AKA ORLANDO MARTINEZ REYES, *guilty* of Count 1: Aggravated Sexual Assault of a Child, as alleged in the indictment.

_____
PRESIDING JUROR

Before the trial court read the jury charge to the jury, it asked the defense whether it had any objections to the jury charge. The following excerpt contains the defense's response:

| [THE DEFENSE]: | No, Your Honor. In fact, I have reviewed it with my client. There are no objections to the proposed Charge. |
|---|---|
| THE COURT: | Thank you. State has rested their case. |
| [THE DEFENSE]: | We don't have any objections to the Charge. My client reviewed it again. |

The court read the charge to the jury, and the jury retired for deliberations.

The jury returned with a verdict. The presiding juror had signed two verdict forms: one finding appellant not guilty for aggravated sexual assault and one finding appellant guilty for indecency with a child. The trial court informed the attorneys, "They [the jurors] are doing exactly what we thought they would do; not guilty on the Count 1 aggravated sexual assault and guilty on the indecency. They did not pay attention to the top where it says only use one form." At that point, appellant moved for mistrial on the grounds that the verdict forms were improper for failing to include a "not guilty" option on the lesser-included offense. The trial court denied the mistrial motion.

8

**A. Standard of Review**

When used, a verdict form becomes part of a jury charge, and we review verdict-form errors as jury-charge errors. *Jennings v. State*, 302 S.W.3d 306, 307 (Tex. Crim. App. 2010). When we are presented with an argument that a trial court committed jury-charge error, we must conduct a two-step review: "First, the reviewing court must determine whether the jury charge contains error. Second, the court must determine whether sufficient harm resulted from the error to require reversal." *Mann v. State*, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998) (en banc); *see Benn v. State*, 110 S.W.3d 645, 648 (Tex. App.—Corpus Christi 2003, no pet.).

**B. Discussion**

Texas law has long recognized that a trial court need not attach a verdict form to a jury charge, but if it does, "it must set out every 'guilty' or 'not guilty' option that is available to the jury." *Jennings*, 302 S.W.3d at 310; *see Oates v. State*, 51 Tex. Crim. 449, 455, 103 S.W. 859, 862–63 (Tex. Crim. App. 1907); *Williams v. State*, 24 Tex. App. 637, 667, 7 S.W. 333, 336 (1888). It is improper to submit a verdict form that omits any "guilty" or "not guilty" option available to the jury. *Jennings*, 302 S.W.3d at 310.

Here, the verdict form, which was similar to the improper verdict form analyzed in *Jennings*, did not have a "not guilty" option for the lesser-included offense of indecency with a child. We hold this to be error, and the State concedes it was error.

**C. Harm**

Upon finding error, we apply one of the two following standards of review: "Where there has been a timely objection made at trial, an appellate court will search for only

'some harm.' By contrast, where the error is urged for the first time on appeal, a reviewing court will search for 'egregious harm.'" *Mann*, 964 S.W.2d at 641 (quoting *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994)). The Texas Code of Criminal Procedure provides, "Before [the jury] charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto" in writing or dictated to the court reporter in the presence of the court and the state's counsel. TEX. CRIM. PROC. CODE ANN. art. 36.14 (West 2007). For an objection to be timely, the defendant must object to the charge before it is read to the jury. *See Shaw v. State*, 243 S.W.3d 647, 655 n.7 (Tex. Crim. App. 2007); *Pendleton v. State*, 434 S.W.2d 694, 696 (Tex. Crim. App. 1968); *Villarreal v. State*, 429 S.W.2d 508, 510 (Tex. Crim. App. 1968).

Here, when appellant was given the opportunity to object to the verdict forms before the trial court read the charge to the jury, appellant twice declared he had no objection. Appellant did not challenge the verdict forms until after the jury returned with a verdict. We hold that the challenge was untimely, and we review the record for egregious harm. *See Mann*, 964 S.W.2d at 641; *Benn*, 110 S.W.3d at 648.

Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008) (citing *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2007)). In sum, the error must have been so harmful as to effectively deny the accused a fair and impartial trial. *See Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim.

App. 2008). Egregious harm is difficult to prove, and it is evaluated on a case-by-case basis. *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011).

In determining whether appellant was deprived of a fair and impartial trial, we review "the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel[,] and any other relevant information revealed by the record of the trial as a whole." *Id.* (quoting *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (en banc)). We will examine "any . . . part of the record as a whole which may illuminate the actual, not just theoretical, harm to the accused." *Id.* at 490 (quoting *Almanza,* 686 S.W.2d at 174).

### 1. Entire Jury Charge

The jury charge instructed the jury to find appellant not guilty of the lesser-included offense unless it found the evidence showed guilt beyond a reasonable doubt. The charge outlined appellant's presumption of innocence, and it stated that the prosecution had the burden of proving each element of the offense beyond a reasonable doubt. The charge continued, "In the event you have a reasonable doubt as to the Defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict, 'Not Guilty'."

Viewed in its entirety, we hold the jury charge impressed on the jury the need to find the elements of indecency beyond a reasonable doubt to convict on that ground. This factor weighs against finding egregious harm.

11

### 2. State of the Evidence

As discussed earlier in this opinion, the evidence was legally sufficient to prove beyond a reasonable doubt that appellant was guilty of indecency with a child. This factor weighs against finding egregious harm. *See, e.g., Smith v. State*, 397 S.W.3d 765, 771–72 (Tex. App.—San Antonio 2013, no pet.); *Bui v. State*, 964 S.W.2d 335, 347 (Tex. App.—Texarkana 1998, pet. ref'd).

### 3. Argument of Counsel

In his final words to the jury, defense counsel argued, "I see no other way to vote but a not guilty on both counts; on the indecency and on the aggravated assault." This comment emphasized that the jury could find appellant not guilty on the indecency charge. This factor weighs against finding egregious harm.

### 4. Other Relevant Information

After the jury returned with the verdict in which the jury signed two forms, the trial court returned the jury for additional deliberations with additional oral instructions on how to use the verdict forms. The trial court instructed:

> In regards to Count 1, and there is only one count, if your verdict is not guilty of anything, then your signature needs to be on the top paragraph.
>
> If your verdict is that he is guilty of the lesser included offense of Indecency with a Child but not guilty of the aggravated sexual assault, your verdict, your signature needs to be on line 2.
>
> If your verdict is that you find him guilty of the aggravated sexual assault of a child, then your verdict needs—your signature needs to be on paragraph 3.

The court instructed the jury that its signature should only appear on one form. The jury deliberated and returned the original verdict form, scratching out the signature that had

12

appeared on the first paragraph and leaving the signature that had been placed on the second paragraph.

We consider the court's additional instructions highly relevant. The instructions informed the jury of the manner whereby it could find appellant not guilty of either offense. The jury was not left alone to speculate whether a "not guilty" finding was unavailable for the lesser-included charge. Also relevant is the fact that the trial court polled the jury to confirm the verdict reflected each juror's intent. The jurors all asserted that the verdict matched their personal intent. This factor weighs against finding egregious harm.

## D. Summary

The trial court's verdict form was deficient because it failed to include a "not guilty" paragraph for the lesser-included offense. *See Jennings*, 302 S.W.3d at 310. Having considered the relevant factors, we conclude that although the trial court's submission of the verdict form lacking a "not guilty" option for the lesser-included offense was error, it did not cause appellant egregious harm. *See Taylor*, 332 S.W.3d at 489. We overrule appellant's first issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of December, 2013.

13