FRED RILEY V. THE STATE.

No. 16602. Delivered November 7, 1934.
Reported in 75 S. W. (2d) 880.

The opinion states the case.

*J. B. Keith* and *E. T. Chandler,* both of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant vigorously insists that we erred in our disposition of his complaint of paragraph 22 of the court's charge which instructed the jury as to their verdict as follows: "If you find the defendant guilty of an assault with intent to murder, the form of your verdict will be: 'We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment at confinement in the penitentiary of this State for ____ years.' (Here state the punishment you assess against him, if any, and add to your verdict whatever your recommendations are as to the suspended sentence)."

The facts in evidence were such as to entitled the appellant to have submitted to the jury the issue as to whether (if guilty at all of assault to murder) he should be found guilty of such assault with or without malice aforethought, the former being punishable by confinement in the penitentiary for not less than two or more than fifteen years, and the latter by such confinement for not less than one nor more than three years. The court did in fact submit such issue in the charge.

In paragraph 2 of the charge the jury were told that they were not the judges of the law but were to receive the law from the court which was given them in the charge and that they must be governed thereby. The form of verdict above set out was written into and made a part of the court's charge and was read and given to the jury by the court, and was the only form of verdict so written and put into the charge. Comparison demonstrates that the verdict rendered by the jury literally followed the suggested form contained in the charge, the blank space therein being filled by writing in the word "Three," and the instruction as to their adding their recommendation in regard to a suspended sentence being obeyed by adding, "We do not recommend a suspended sentence."

That said paragraph 22 of the charge ignored the right of the appellant to have the jury told what form of verdict they should render if they found appellant guilty of assault to murder without malice, is beyond question, as is also the materiality of same as likely to inflict injury upon the appellant from the standpoint of the possible infliction of a lighter penalty if proper forms of verdicts had been submitted, and also the possible recommendation of a suspended sentence in such case. The attention of the court below was pointedly called to

the error by a specific exception. We think we erred in not directing a reversal of the case for such error.

The original opinion is withdrawn, the motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*