Delvetra Lasherl **JENNINGS**, Appellant,

v.

The **STATE** of Texas.

No. PD–0261–09.

Court of Criminal Appeals of Texas.

Jan. 27, 2010.

James Bryan Johnston, for Appellant.

Rob Daniel, Jeffrey L. VanHorn, State's Attorney, Austin, for State.

## OPINION

COCHRAN, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, JOHNSON, KEASLER, HERVEY and HOLCOMB, JJ., joined.

This case presents a simple question: is the verdict form a part of the jury charge?[1] It is. Therefore, if the verdict form contains mistakes or omissions, those errors are analyzed for harm under the *Almanza*[2] standards of review. We reverse the court of appeals, which stated that a verdict form is not part of the jury charge and held that if a defendant fails to object to the omission of a "not guilty" option on the verdict form, she fails to preserve any complaint on appeal.[3]

### I.

Appellant was indicted for burglary of a habitation with intent to commit aggravated assault. The evidence at trial showed that appellant paid Michael Ray, the complainant, $750 to install a new engine in her car. He did not finish the job, so

---

1. We granted appellant's four grounds for review:
    (1) Were the jury verdict forms submitted to the jury in this case a part of the court's charge to the jury?
    (2) If the jury verdict forms submitted to the jury in this case were not part of the jury charge, are the forms an integral part of the verdict and subsequent judgment of the court based on the jury's verdict?
    (3) Should an improper verdict form submitted to the jury in this case be subject to the harm analysis described in *Almanza v. State?*
    (4) Were petitioner's due process rights under the Fourteenth Amendment to the United States Constitution and right to due course of law under Article I, § 19 of the Texas Constitution violated as a result of the failure of the court to submit a "not guilty" verdict on all charges to the jury?
    Because we are remanding this case to the court of appeals to analyze the purported jury verdict form error under *Almanza,* we need not address appellant's fourth ground for review.

2. *Almanza v. State,* 686 S.W.2d 157 (Tex. Crim.App.1985).

3. *Jennings v. State,* 275 S.W.3d 574, 575 (Tex. App.-Amarillo 2008) (because appellant failed to request a verdict form that would allow the jury to find her "not guilty" of the lesser-included offense for which she was convicted, she waived the complaint on appeal).

appellant, along with her boyfriend and another man, entered Mr. Ray's home through the front door without knocking, assaulted him, and vandalized his home. Appellant's boyfriend put a rope around Mr. Ray's neck, threatened him with a knife, and hit him with his hands. Mr. Ray said that appellant also hit him, but he did not suffer any serious injuries as a result of the assault.

The trial judge instructed the jury on first-degree burglary of a habitation with intent to commit aggravated assault as well as the lesser-included offense of second-degree burglary with intent to commit assault. After the application paragraph dealing with the charged offense, the judge instructed the jury that, if it had a reasonable doubt of her guilt of burglary with intent to commit aggravated assault, it should "consider whether she is guilty of the lesser included offense of burglary of a habitation with intent to commit assault." Then, after setting out the application paragraph for the lesser-included offense, the trial judge instructed the jury, "If you have a reasonable doubt that the defendant is guilty of any offense you will acquit the defendant and say by your verdict not guilty." Finally, at the end of the jury charge, the trial judge instructed the jury that "when you have unanimously agreed upon a verdict, [ ] certify to your verdict by using the appropriate form attached hereto and signing the same as Foreman." In fact, the trial judge repeated this instruction as his penultimate sentence of the jury charge: "After you have reached a unanimous verdict, the Foreman will certify thereto by filling in the appropriate form attached to this charge and sign the same as Foreman." Unfortunately, the attached verdict form provided the jury with only three options:

"We, the Jury, find the defendant Delvetra Lasherl Jennings, not guilty of the offense of burglary of a habitation with intent to commit aggravated assault as charged in the indictment."

---

Foreman

"We, the Jury, find the defendant Delvetra Lasherl Jennings, guilty of the offense of burglary of a habitation with intent to commit aggravated assault as charged in the indictment."

---

Foreman

"We, the Jury, find the defendant Delvetra Lasherl Jennings, guilty of the lesser included offense of burglary of a habitation with intent to commit assault as charged in the indictment."

---

Foreman

There was no "not guilty" option for the lesser-included offense. No one noticed this omission. Appellant did not object, and the jury did not question its absence. It returned a guilty verdict on the lesser-included offense of burglary with the intent to commit assault.

Appellant complained about this omission for the first time on appeal. The court of appeals held that she had waived the complaint because she had not objected to its omission at the time of trial.[4] The court also stated that the verdict forms are not part of the jury charge, and thus "the failure to raise complaints regarding the verdict forms is not subject to the harm analysis described in *Almanza v. State*."[5]

---

4. *Jennings,* 275 S.W.3d at 575.

5. *Id.* at 575 n. 1.

## II.

■ Article 37.01 of the Code of Criminal Procedure states that a verdict is "a written declaration by a jury of its decision of the issue submitted to it in the case." [6] Article 37.04 explains how that written verdict is presented in court:

> When the jury agrees upon a verdict, it shall be brought into court by the proper officer; and if it states that it has agreed, the verdict shall be read aloud by the judge, the foreman, or the clerk. If in proper form and no juror dissents therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court.[7]

Article 37.07 requires the jury to find "that the defendant is either guilty or not guilty," [8] and

> [i]f the charging instrument contains more than one count or if two or more offenses are consolidated for trial pursuant to Chapter 3 of the Penal Code, the jury shall be instructed to return a finding of guilty or not guilty in a separate verdict as to each count and offense submitted to them.[9]

Thus, the trial judge is required to instruct the jury that it may return either a "guilty" or "not guilty" verdict to all counts of the charged offenses and to any lesser-included offenses that are submitted to the jury.[10]

■ Even though the judge is required to instruct the jury on both "guilty" and "not guilty" options for all charges, no statute requires the trial judge to submit a written verdict form with the jury charge.[11] In fact, article 37.10 expressly acknowledges the possibility of an "informal verdict"—one that does not meet the legal requirements of being written or answered as authorized—and sets out the method to repair its "informality." [12] Thus, in theory at least, the trial judge may simply send the jurors back with the jury charge and instruct them to create their own written verdict form. And, if they do not do the job correctly, the trial judge will keep sending them back until they do get it right. This is a hazardous proposition, so more than 100 years ago, judges began attaching a verdict form to the jury charge itself, even though they were not required to do so.[13] In 1888, this

---

**6.** TEX.CODE CRIM. PROC. art. 37.01.

**7.** *Id.,* art. 37.04.

**8.** *Id.,* art. 37.07, § 1(b) ("If the plea is not guilty, they must find that the defendant is either guilty or not guilty, and, except as provided in Section 2, they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty.").

**9.** *Id.,* art. 37.07, § 1(c).

**10.** *Id.,* art. 37.08 ("In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense.").

**11.** *See Bolden v. State,* 489 S.W.2d 300, 301 (Tex.Crim.App.1972); *Berghahn v. State,* 683

S.W.2d 697, 699–701 (Tex.Crim.App.1984) (Clinton, J., dissenting).

**12.** TEX.CODE CRIM. PROC. art. 37.10(a) ("If the verdict of the jury is informal, its attention shall be called to it, and with its consent the verdict may, under the direction of the court, be reduced to the proper form. If the jury refuses to have the verdict altered, it shall again retire to its room to deliberate, unless it manifestly appear that the verdict is intended as an acquittal; and in that case, the judgment shall be rendered accordingly, discharging the defendant."); *see, e.g., Murphree v. State,* 55 Tex.Crim. 316, 115 S.W. 1189, 1190 (Tex.Crim.App.1908).

**13.** *See Harris v. State,* 106 Tex.Crim. 539, 293 S.W. 822, 824 (Tex.Crim.App.1927) ("Our opinions are not in harmony upon the propriety of furnishing forms of verdict. Some hold it to be a commendable practice. Other opin-

Court set out the governing rule concerning the judicial submission of verdict forms:

> It is not essential to the sufficiency of the charge that it should instruct the jury in the forms of verdicts which may be rendered by them, though it is very proper, we think, to do so. But when such instructions are given, they should embrace every verdict which might be rendered in the case, so as to avoid conveying to the minds of the jury any impression as to the opinion of the court as to which of several verdicts should be rendered.[14]

One hundred and twenty years later, that is still Texas law: a trial judge need not attach a verdict form to the jury charge, but if he does so, it must set out every "guilty" or "not guilty" option that is available to the jury. The verdict form then becomes a part of the jury charge,[15] and, as in the present case, is incorporated by reference to the main charge.[16] And this Court has stated that it is "improper" to submit a verdict form that omits any "guilty" or "not guilty" option that is available to the jury.[17]

Some courts of appeals, including the court in this case, have held that a defendant waives his right to complain about errors and omissions in the jury verdict form if he failed to object in the trial court.[18] These courts have relied upon two cases decided by this Court before *Almanza v. State*.[19] In the 1972 case of *Bolden v. State*,[20] this Court stated that because the defendant failed to object to the charge or to the attached verdict

ions discourage the practice.") (internal citations omitted). For a brief history on the evolution of the practice of judicial submission of verdict forms with the jury charge, see Judge Clinton's discussion in *Berghahn*, 683 S.W.2d at 699–701 (Clinton, J., dissenting).

14. *Williams v. State*, 24 Tex.App. 637, 7 S.W. 333, 336 (1888); *Oates v. State*, 51 Tex.Crim. 449, 103 S.W. 859, 862 (Tex.Crim.App.1907) ("There is another exception to the charge to the effect that it prescribes only a form of verdict for murder in the first degree, and omits to give any form with reference to acquittal or for any minor offense. In this respect the charge is imperfect. While it may not be materially so, yet it should be avoided upon another trial."). *See* 1 Branch's Annotated Penal Code § 677, at 652 (2d ed.) ("If the court desires to furnish the jury with a form for their verdict he should include a form for every verdict which might be rendered so as to avoid conveying to the minds of the jury any impression as to the opinion of the court as to which of several verdicts might or should be rendered.").

15. *See Pieratt v. State*, 141 Tex.Crim. 45, 146 S.W.2d 997, 999 (Tex.Crim.App.1940) (noting that "[n]o objection was urged to that part of the charge containing the forms of a verdict" and stating that the punishment verdict form was "incorporated" into the main jury charge); *Riley v. State*, 127 Tex.Crim. 267, 75 S.W.2d 880, 881 (Tex.Crim.App.1934) (stating that the form of verdict "was written into and made a part of the court's charge and was read and given to the jury by the court, and was the only form of verdict so written and put into the charge.").

16. As noted above, the jury charge in this case expressly referred to "the appropriate form attached to this charge[.]"

17. *See Oates*, 103 S.W. at 862; *Williams*, 7 S.W. at 336.

18. *See, e.g., Contreras v. State*, 54 S.W.3d 898, 906 (Tex.App.-Corpus Christi 2001, no pet.) ("Any alleged failure to include a 'not guilty' provision in the charge was not fundamental error and required a trial objection for appellate review.") (citing *Berghahn*, 683 S.W.2d at 698; *Bolden*, 489 S.W.2d at 302); *Hegar v. State*, 11 S.W.3d 290, 298 (Tex.App.-Houston [1st Dist.] 1999, no pet.) ("We agree with the State that appellant waived error, if any, as to the form of the verdict because he did not object at trial when given the opportunity to do so by the trial court.").

19. 686 S.W.2d 157 (Tex.Crim.App.1985).

20. 489 S.W.2d 300 (Tex.Crim.App.1972).

forms, his complaint concerning the sufficiency of the "not guilty" option was "not properly before us for review." [21] Nonetheless, we addressed the merits of the complaint and held that "[a] form for not guilty, although not a proper one, was submitted" and therefore "no harm or reversible error has been shown." [22] In the 1984 case of *Berghahn v. State*,[23] this Court relied upon *Bolden* to hold that unobjected-to error in the verdict form was not preserved for review when there was no trial objection.[24]

One year later, in 1985, this Court delivered its decision in *Almanza v. State*.[25] Under *Almanza*, all jury-charge errors are cognizable on appeal, but unobjected-to error is reviewed for "egregious harm," while objected-to error is reviewed for "some harm." [26] And, in 1989, this Court first applied the *Almanza* analysis to asserted error in the jury verdict form.[27]

We have continued to do so, as have several courts of appeals.[28]

### III.

■ In this case, the court of appeals mistakenly relied upon pre-*Almanza* cases for the proposition that a complaint about purported errors and omissions in the jury verdict form is waived on appeal if the defendant failed to object to those errors in the trial court. All jury-charge errors, including errors in the verdict form, are cognizable on appeal under *Almanza*.[29] We therefore reverse the judgment of the court of appeals and remand the case to that court to analyze the asserted error in the jury-verdict form under the standards set out in *Almanza*.

KELLER, P.J., filed a concurring opinion.

---

21.  *Id.* at 302.

22.  *Id.* at 303.

23.  683 S.W.2d 697 (Tex.Crim.App.1984).

24.  *Id.* at 698–99 (original op.), 701 (op. on reh'g).

25.  686 S.W.2d 157 (Tex.Crim.App.1985).

26.  *Id.* at 171.

27.  *Callins v. State*, 780 S.W.2d 176, 190–91 (Tex.Crim.App.1989) (noting *Bolden*, *Berghahn*, and *Harris*, and stating that it would apply the *Almanza* analysis for determining harm in the jury verdict form).

28.  *See Olivas v. State*, 202 S.W.3d 137, 144–45 (Tex.Crim.App.2006) (applying *Almanza* to jury verdict form used for a deadly weapon finding); *Rice v. State*, 746 S.W.2d 356, 360–61 (Tex.App.-Fort Worth 1988, pet. ref'd) ("Because Rice failed to object to the charge or verdict forms, we may reverse this cause only if the error egregiously harmed him" under *Almanza*); *Sanchez v. State*, 722 S.W.2d 781, 782–84 (Tex.App.-Dallas 1986, pet. ref'd) (analyzing jury verdict form omis-

sions and errors under *Almanza*); *Henley v. State*, No. 01–94–00067–CR, 1995 WL 457276, at *2, 1995 Tex.App. LEXIS 1718, at *6 (Tex.App.-Houston [1st Dist.] 1995) (not designated for publication) ("Complaints regarding improper verdict forms are to be evaluated in light of the *Almanza* factors.").

29.  During the cordial and well-spoken presentation at oral argument by both the defense attorney and prosecutor, all parties agreed that the verdict form is part of the judge's charge to the jury and that purported errors and harm within that charge (including the verdict form) should be assessed under the *Almanza* standards. Both the prosecutor and defense attorney agreed that the appropriate resolution was to remand this case to the court of appeals. Although the prosecutor had originally suggested, in his brief, that a "not guilty" option for lesser-included offenses was perhaps unnecessary, after discussion with the Court, he agreed that a "not guilty" of any offense, including lesser-included offenses, was a necessary part of the jury verdict form. We commend both advocates for their honest and straightforward assistance to the Court.

KELLER, P.J., concurring.

Relying upon a 1934 case and a 1940 case, the Court holds that "a trial judge need not attach a verdict form to the jury charge, but if he does so .... [t]he verdict form then becomes a part of the jury charge."[1] But the Court misunderstands the language in these cases and the historical practice they addressed. In both *Riley* and *Pieratt*, the body of the jury charge included instructions regarding the form that the verdict should take.[2] But, as was the practice then, the jury wrote out its own verdict on a separate piece of paper.[3] The "suggested form" that was in the body of the jury charge was merely a guide for the jury.[4] The jury was not supposed to write on it.[5] It was not a "verdict form," as we know it today, in which the jury fills in the blanks, circles a "yes" or "no" option, or simply signs to acknowledge its verdict. Other cases cited by the Court are in accordance with *Riley* and *Pieratt* regarding the use of such

guides to the jury in writing its own verdict.[6]

Contrary to the implication in the Court's opinion, the issue before us was not even remotely considered in *Riley* or in *Pieratt*, much less decided. And given that the "suggested form" in those cases was *actually* included within the body of the charge, those cases have little, if any, bearing on the question of whether the verdict forms that were attached to the charge in this case should be considered part of the charge.

But even if I were to assume that verdict forms are part of the jury charge, there is another problem with the Court's opinion. The Court discusses at great length an issue upon which we did not grant review, namely, whether the charge in this case was erroneous. The Court seems to believe that this issue was decided in *Oates* and *Williams*, because it cites to those cases for the proposition that it is error to submit a verdict form that omits

---

1. Court's op. at 310, 310 n. 15 (citing *Riley v. State*, 127 Tex.Crim. 267, 75 S.W.2d 880 (1934); *Pieratt v. State*, 141 Tex.Crim. 45, 146 S.W.2d 997 (1940)).

2. *Riley*, 127 Tex.Crim. at 268–69, 75 S.W.2d at 880–81; *Pieratt*, 141 Tex.Crim. at 48–49, 146 S.W.2d at 999.

3. *Riley*, 127 Tex.Crim. at 268, 75 S.W.2d at 881 ("Comparison demonstrates that the verdict rendered by the jury literally followed the *suggested form* contained in the charge.")(emphasis added); *Pieratt*, 141 Tex.Crim. at 48, 146 S.W.2d at 999 ("The court prepared his charge in which he gave to the jury two forms of a verdict which they might use as *a guide in writing their verdict* according to their finding....[T]he jurors ... wrote their verdict upon *a separate slip of paper* and returned it into court together with the charge.")(emphasis added).

4. *See* this opinion, footnote 3.

5. *See Pieratt*, 141 Tex.Crim. at 48–49, 146 S.W.2d at 999 (discussing, as an irregularity, the fact that someone had filled "$50.00" in

the blank provided in a "form of the verdict" contained in the jury charge).

6. *See Williams v. State*, 24 Tex.App. 637, 667, 7 S.W. 333, 336 (1888) (the trial court's charge "*prescribes* the *forms of verdicts* of guilty of murder in the first and second degrees, but omits to prescribe any form for a verdict of guilty of manslaughter, or for a verdict of not guilty. In this respect the charge is imperfect, but perhaps not materially so. It is not essential to the sufficiency of the charge that it should *instruct the jury in the forms of verdicts which may be rendered by them,* though it is very proper, we think, to do so")(emphasis added); *Oates v. State*, 51 Tex. Crim. 449, 454–55, 103 S.W. 859 (1907)("There is another exception to the charge to the effect that it prescribes only *a form of verdict* for murder in the first degree, and omits to give *any form with reference to* acquittal or for any minor offense. In this respect the charge is imperfect. While it may not be materially so, yet it should be avoided upon another trial.")(emphasis added);

any "guilty" or "not guilty" option that is available to the jury.[7] This citation is misleading for three reasons. First, these cases did not include modern-day verdict forms [8] and so, like *Riley* and *Pieratt,* they are not on point. Second, in each case the charge failed to prescribe a form for a verdict of "not guilty" of any offense at all, including the charged offense.[9] Third, the question of what options *are* available to the jury is at the heart of the State's contention that there was no error in this case. The Court's analysis totally ignores the State's arguments regarding this issue.

There is nothing, nothing, nothing, in the statutes that says that a not-guilty verdict option must be provided for lesser offenses. Nevertheless, the Court quotes from article 37.07, which deals not with lesser-included offenses, but with multi-count indictments and consolidated offenses. After quoting the statute, the Court says, "Thus, the trial judge is required to instruct the jury that it may return either a 'guilty' or 'not guilty' verdict to all counts of the charged offenses *and to any lesser-included offenses that are submitted to the jury."* [10] But "thus" is not a magic wand, and waving it at article 37.07 does not turn it into a statute about lesser-included offenses. The Court has badly misconstrued the cases it cites and the statutes it relies upon.

In footnote 29, the Court suggests that the State agreed at oral argument that there was error in the verdict form and that a not guilty option must be submitted for each lesser-included offense submitted to the jury. Of course, a concession by the

State does not bind this Court on issues of law.[11]

But in any event, I think the Court misinterprets the State's oral argument. Even at oral argument, the State proceeded to argue, based on the language of article 37.08 of the Code of Criminal Procedure and on federal due-process cases, that there was no error in the jury charge. When asked whether that argument defied logic, the State's attorney replied that he did not think so because "if you find someone not guilty of the greater offense then that takes care of everything." Judge Keasler then commented that the jury charge usually instructs the jury that if it does not believe or has a reasonable doubt with respect to the primary offense, then it will acquit the defendant of the primary offense and "next consider" whether he is guilty of the lesser-included offense. So, Judge Keasler explained, an acquittal of the primary offense occurs before the lesser-included offense is considered. At that point, the State's attorney replied, "Ok, explained that way, that makes sense to me. I guess I should move on and talk about whether, if that is an error, whether it would create egregious harm, and I don't think it does." Judge Womack then asked whether the court of appeals addressed egregious harm, the State replied that it had not, and both agreed that there was nothing to review. Judge Keasler then said, "So they didn't consider whether there is error, and so, it would probably be—wouldn't it be appropriate for us to send it back and say, 'Address whether or not there is error, and if there is error whether or not there is egregious harm.'"

7. Court's op. at 310, 310 n. 17 (citing *Oates v. State,* 51 Tex.Crim. 449, 103 S.W. 859 (Tex. Crim.App.1907); *Williams v. State,* 24 Tex. App. 637, 7 S.W. 333 (1888)).

8. *See* this opinion, footnote 6.

9. *See id.*

10. Emphasis added.

11. *Long v. State,* 931 S.W.2d 285, 289 (Tex. Crim.App.1996).

The State's attorney replied, "I think that would be entirely appropriate." Judge Cochran then responded, "We have everyone in agreement."

So, what "everyone agreed" to was not that there was error, but that *Almanza* applied to jury verdict forms, that the court of appeals had not addressed whether there was error in the charge, that the court had not addressed the issue of egregious harm, and that a remand for the court of appeals to address those issues would be appropriate. Contrary to this consensus, however, the Court has taken upon itself the task of deciding error when it has not yet been decided below.

The State's acknowledgment that Judge Keasler's explanation (about an acquittal of the lesser-included offense occurring first) "makes sense" is not a concession that there was error in this case. But even if it were viewed as such, those statements do not mean that the State was conceding that a "not guilty" option must be offered for every offense submitted in the charge. In fact, Judge Keasler discussed a different method of submitting offenses, in which verdict forms for guilty for the greater offense and lesser-included offenses are submitted along with a general "not guilty" verdict form submitted at the end: "Normally, at the bottom, whatever the last one of them is you would have, "We the jury find the defendant 'not guilty' period—is the final one that almost universally is really used." The State's attorney agreed with this statement and said, "And the substantive part of the [jury charge] says not guilty of any offense. And I think a verdict form stating that would be appropriate as well." But this "almost universal" method of submitting verdict forms would be prohibited under the Court's discussion of error.

The court of appeals did not address the issue of error because it held that appel-lant failed to preserve her jury-charge complaint for appeal. This Court is returning the case to the court of appeals anyway. Rather than discuss a contested issue that is not before us, I would simply remand for a determination of whether there is error and, if necessary, for a harm analysis under *Almanza*.