NO. 07-08-00087-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



JUNE
4, 2010

 



 

DELVETRA LASHERL JENNINGS,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

                                                                                         

                                                                                         Appellee

____________________________

 

FROM THE 64TH DISTRICT COURT OF HALE
COUNTY;

 

NO. A17382-0710; HONORABLE ROBERT W.
KINKAID JR., PRESIDING

 



 

Memorandum
Opinion on Remand from Court of Criminal Appeals

 



 

Before  QUINN, C.J., and CAMPBELL and PIRTLE, JJ. 

            Before us is
the second chapter of Jennings v. State.  In the first, we concluded that because she
failed to object, appellant waived her complaint about omitting from the
verdict form reference to the possibility of her being “not guilty” of the lesser-included
offense, that is, the offense of which she was convicted.  Upon negating its own precedent holding
otherwise, the Court of Criminal Appeals concluded that an objection was not
needed to preserve the complaint.  See Jennings v. State, 302 S.W.3d 306,
310-11 (Tex. Crim. App. 2010).  It
further held that the omission constituted charge error and remanded the cause
to us for a harm analysis per Almanza v.
State, 686 S.W.2d 157 (Tex. Crim. App. 1985).  See
Jennings v. State, 302 S.W.3d at 306. 
We find no egregious harm and affirm the judgment. 

            Appellant
was convicted of burglarizing a habitation with the intent to commit simple
assault.  She, her boyfriend Preston
Alexander, and a third man entered the home of Michael Ray (the victim) without
his consent.  They then assaulted him and
vandalized his home.  Though the State
indicted appellant for the offense of burglary with the intent to commit
aggravated assault, it was not the only accusation submitted to the jury.  The trial court also charged it on the lesser
offense of burglary with intent to commit simple assault.  However, it omitted from its verdict form a
provision allowing the jury to find appellant not guilty of the lesser offense,
though such provision was made viz
the greater crime.  No one objected to
the omission.  Thus, under Almanza, we need only decide whether the
omission constituted egregious harm.  Almanza v. State, 686 S.W.2d at 171.  And, that obligates us to review the entire
jury charge, the state of the evidence, the argument of counsel, and any other
relevant information.  Id. 


              As previously mentioned, the trial court charged
the jury on both the greater and lesser offense.  Furthermore, the jurors were directed to
“acquit the defendant and say by your verdict not guilty” if they had a
reasonable doubt “that the defendant [was] guilty of any offense . . . .” 
(Emphasis added).  So too were the
jurors told that the presumption of innocence “alone [was] sufficient to acquit
the defendant, unless the jurors are satisfied beyond a reasonable doubt of the
defendant’s guilt . . .” and that the burden lay with the prosecution to prove
guilt “beyond a reasonable doubt and, if it fails to do so, you will find the defendant not guilty of
that offense.”  (Emphasis added).  These instructions, which we must presume
were followed, Williams v. State, 937
S.W.2d 479, 490 (Tex. Crim. App. 1996), made it clear to the jury that it had
the option to acquit appellant of both the greater and lesser offense if it so chose.  So, it cannot be said that the jurors were
somehow duped into believing that they had to convict her for something.  See
Boyett v. State, 692 S.W.2d 512, 516 (Tex. Crim. App. 1985) (stating that a
jury instruction to acquit if the jury had a “reasonable doubt as to
defendant’s guilt after considering all the evidence before you and these
instructions” is in essence the same as an instruction to acquit “if it has a
reasonable doubt as to whether appellant is guilty of any offense” and as a
whole adequately instructs the jury). 

            Moreover, the
evidence at trial consisted of testimony from Michael Ray, his wife, and two
police officers.  Ray testified that 1) appellant
had previously threatened him, 2) appellant and Alexander came into his home
without consent, and 3) both appellant and Alexander assaulted him and
threatened to come back if he called the police.  Also admitted into evidence were photographs
of Ray’s injuries and testimony about the house being ransacked.  Appellant acknowledged, via her attorney
during closing argument, that some altercation had occurred.  Indeed, it seemed as if her focus lay upon
whether appellant’s home was a business, which was an element common to both
offenses.  And though the evidence
indicated the victim conducted business from his home, it also illustrated that
he resided there.  If this was indeed a
matter in question for the jury, it knew, via the court’s instructions, that it
could acquit appellant of both offenses if the locale was truly not a residence
as charged.  

            So, given
the statements in the charge regarding the State’s burden, the obligation to
forego conviction for any offense if any reasonable doubt of guilt existed, and
the large quantum of evidence establishing appellant’s guilt of the lesser
offense, we cannot say that appellant suffered egregious harm due to the
omission of the “not guilty” form in question. 
The judgment is affirmed.

 

                                                                        Brian
Quinn 

                                                                        Chief
Justice  

 

Do not publish.