NO. 07-08-00087-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 4, 2010

_____

DELVETRA LASHERL JENNINGS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17382-0710; HONORABLE ROBERT W. KINKAID JR., PRESIDING

_____

***Memorandum Opinion on
Remand from Court of Criminal
Appeals***

_____

Before  QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Before us is the second chapter of *Jennings v. State*.  In the first, we concluded that because she failed to object, appellant waived her complaint about omitting from the verdict form reference to the possibility of her being "not guilty" of the lesser-included offense, that is, the offense of which she was convicted.  Upon negating its own precedent holding otherwise, the Court of Criminal Appeals concluded that an objection was not needed to preserve the complaint.  *See Jennings v. State,* 302

S.W.3d 306, 310-11 (Tex. Crim. App. 2010). It further held that the omission constituted charge error and remanded the cause to us for a harm analysis per *Almanza v. State,* 686 S.W.2d 157 (Tex. Crim. App. 1985). *See Jennings v. State,* 302 S.W.3d at 306. We find no egregious harm and affirm the judgment.

Appellant was convicted of burglarizing a habitation with the intent to commit simple assault. She, her boyfriend Preston Alexander, and a third man entered the home of Michael Ray (the victim) without his consent. They then assaulted him and vandalized his home. Though the State indicted appellant for the offense of burglary with the intent to commit aggravated assault, it was not the only accusation submitted to the jury. The trial court also charged it on the lesser offense of burglary with intent to commit simple assault. However, it omitted from its verdict form a provision allowing the jury to find appellant not guilty of the lesser offense, though such provision was made *viz* the greater crime. No one objected to the omission. Thus, under *Almanza*, we need only decide whether the omission constituted egregious harm. *Almanza v. State,* 686 S.W.2d at 171. And, that obligates us to review the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information. *Id.*

As previously mentioned, the trial court charged the jury on both the greater and lesser offense. Furthermore, the jurors were directed to "acquit the defendant and say by your verdict not guilty" if they had a reasonable doubt "that the defendant [was] guilty of *any* offense . . . ." (Emphasis added). So too were the jurors told that the presumption of innocence "alone [was] sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt . . ." and that the burden lay with the prosecution to prove guilt "beyond a reasonable doubt and, if it fails

2

to do so, you *will* find the defendant not guilty of that offense." (Emphasis added). These instructions, which we must presume were followed, *Williams v. State,* 937 S.W.2d 479, 490 (Tex. Crim. App. 1996), made it clear to the jury that it had the option to acquit appellant of both the greater *and* lesser offense if it so chose. So, it cannot be said that the jurors were somehow duped into believing that they had to convict her for something. *See Boyett v. State,* 692 S.W.2d 512, 516 (Tex. Crim. App. 1985) (stating that a jury instruction to acquit if the jury had a "reasonable doubt as to defendant's guilt after considering all the evidence before you and these instructions" is in essence the same as an instruction to acquit "if it has a reasonable doubt as to whether appellant is guilty of any offense" and as a whole adequately instructs the jury).

Moreover, the evidence at trial consisted of testimony from Michael Ray, his wife, and two police officers. Ray testified that 1) appellant had previously threatened him, 2) appellant and Alexander came into his home without consent, and 3) both appellant and Alexander assaulted him and threatened to come back if he called the police. Also admitted into evidence were photographs of Ray's injuries and testimony about the house being ransacked. Appellant acknowledged, via her attorney during closing argument, that some altercation had occurred. Indeed, it seemed as if her focus lay upon whether appellant's home was a business, which was an element common to both offenses. And though the evidence indicated the victim conducted business from his home, it also illustrated that he resided there. If this was indeed a matter in question for the jury, it knew, via the court's instructions, that it could acquit appellant of both offenses if the locale was truly not a residence as charged.

So, given the statements in the charge regarding the State's burden, the obligation to forego conviction for any offense if any reasonable doubt of guilt existed, and the large quantum of evidence establishing appellant's guilt of the lesser offense, we cannot say that appellant suffered egregious harm due to the omission of the "not guilty" form in question. The judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

4