**AFFIRM; Opinion Filed July 10, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-10-00350-CR

**CORNELL C. DALLAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0951112-V**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Lang

This is an appeal from a jury conviction for murder. In a single issue, Cornell Dallas asserts the trial court's judgment should be reversed because the jury charge violated his right to a unanimous verdict. Finding no jury charge error, we affirm the trial court's judgment.

### I.     BACKGROUND

Dallas was charged with the murder of fifty-nine year old Charles Harrison. The indictment alleged two manner and means by which Dallas committed the murder. Specifically, the indictment alleged Dallas, by hitting and striking Harrison with a deadly weapon–-Dallas's hands and feet, a club, a branch, and "an object unknown," (i) intentionally and knowingly caused Harrison's death; and (ii) intended to cause Harrison serious bodily injury and committed an act clearly dangerous to human life that caused Harrison's death. *See* TEX. PENAL CODE ANN. § 19.02(b)(1),(2) (West 2011).

At trial, the State presented evidence that Dallas acted in conjunction with Roshaun Smith, a drug dealer. The trial court submitted, without objection, a charge to the jury that included instructions on the law of parties and criminal responsibility for the conduct of another. *See* TEX. PENAL CODE ANN. §§ 7.01 (parties), 7.02 (criminal responsibility) (West 2011). The charge also included application paragraphs that authorized the jury to convict Dallas either as a principal or a party. The jury returned a general verdict of guilty and, following evidence on punishment, assessed a fifty year sentence.

## II.     Unanimous Verdict

Dallas's sole contention is that the trial court violated his constitutional and statutory right to a unanimous verdict by authorizing the jury to convict him either as a principal or party "without a requirement of unanimity as to the specific conduct of which he was guilty." Dallas asserts some of the jurors may have found he acted alone, while the remaining jurors may have found he acted as a party and assisted Smith. The State responds that jury unanimity on the theory of criminal responsibility is not required. We agree with the State.

### A.  Standard of Review

A reviewing court's first duty in analyzing a jury charge issue is to determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error is found, the reviewing court then analyzes the error for harm. *Id.* "Objected-to-error" is reviewed for "some harm," while "unobjected-to-error" is reviewed for "egregious harm." *Jennings v. State*, 302 S.W.3d 306, 311 (Tex. Crim. App. 2010) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)).

### B.  Applicable Law

Both article 5, section 13 of the Texas Constitution and article 36.29(a) of the Texas Code of Criminal Procedure require unanimous jury verdicts in all felony cases. *Leza v. State*, 351

S.W.3d 344, 356 (Tex. Crim. App. 2011) (citing Tex. Const. article V, § 13; Tex. Code Criminal Proc. 36.29(a)).  This requirement, however, applies to the elements of the offense.  *See Leza*, 351 S.W.3d at 356 (quoting *Pizzo v. State*, 235 S.W.3d 711, 714-15 (Tex. Crim. App. 2007); *see also* Tex. Penal Code Ann. § 2.01 (West 2011) ("no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.").    The jury must unanimously agree about the occurrence of a single criminal offense, but it need not be unanimous about the specific manner and means of how that offense was committed.  *Young v. State*, 341 S.W.3d 417, 422 (Tex. Crim. App. 2011).  In other words, the jury is not required to agree on how the defendant committed the specific criminal act.  *See id.*  Accordingly, the requirement of jury unanimity is not violated when the jury is instructed disjunctively on alternate means or theories of committing the same offense, such as the theory of criminal responsibility.  *Leza*, 351 S.W.3d at 357; *Martinez v. State*, 129 S.W.3d 101, 103 (Tex. Crim. App. 2004).

### C.  Application of Law to Facts

Here, Dallas was charged with a single offense—Harrison's murder.  The jury was charged in the disjunctive and authorized to convict Dallas on alternate theories of criminal responsibility.  Although the charge did not require the jurors to agree on the theory of responsibility, no agreement was necessary.  *Leza*, 351 S.W.3d 357.  Dallas's contention to the contrary is without merit.

## III. CONCLUSION

We resolve Dallas's sole issue against him and affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
100350F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CORNELL C. DALLAS, Appellant

No. 05-10-00350-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-0951112-V.
Opinion delivered by Justice Lang. Justices Francis and Evans participating.

    Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 10th day of July, 2013.


      /Douglas S. Lang/
      DOUGLAS S. LANG
      JUSTICE