**Affirmed as Modified; Opinion Filed August 1, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01158-CR

### CLAUDE CHARLES POWELL, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 1
### Dallas County, Texas
### Trial Court Cause No. F11-62508-H

# MEMORANDUM OPINION
Before Justices Lang, Myers, and Evans
Opinion by Justice Lang

Claude Charles Powell appeals from his jury conviction and twenty-year sentence for sexual assault of a child. His sole argument is that the trial court's erroneous parole instruction egregiously harmed him. We disagree. Because we have found the trial court's judgment incorrectly reflects the date the offense occurred, we modify the judgment. As modified, we affirm.

## I. BACKGROUND

The record reflects fourteen year old L.R. was waiting for a bus when Powell approached her and offered her a ride. Although L.R. refused, Powell grabbed a bag L.R. was holding and placed it in his car. When L.R. went into the car to retrieve the bag, Powell drove off. Powell told L.R. he would take her home, but instead drove to a park where he assaulted her.

At the punishment phase of trial, the prosecutor presented a video recording of Powell's interview with the investigating officer. The recording shows Powell told the officer he met L.R. at a house party and any encounter with her was "consensual. The recording also shows Powell speaking generally about women in a derogatory and disrespectful manner. In addition, L.R. testified that she had recurrent nightmares about the assault, could not focus at school, and had withdrawn from her friends. The prosecutor also presented evidence that Powell had two prior felony convictions and ten prior misdemeanor convictions.

The defense presented the testimony of Powell's mother and Powell. Powell testified he was twenty-nine years old, had a high school education, and worked as a tattoo artist. He admitted to some of the prior convictions proven by the State, but disputed others. He also disputed he assaulted L.R. and denied he had "ever dealt with her before." Asked what happened the night of the assault, Powell provided a confusing explanation about being pulled over by the police and going to a party where one of the other guests had the same first name as L.R.

Powell's mother apologized to L.R. and asked the jury for leniency. She testified Powell had been in special education classes at school, could read and write only at a third grade level, dropped out of school in ninth grade, and was unable to hold a job.

In accordance with section 4(a) of article 37.07 of the Texas Code of Criminal Procedure, the jury was generally instructed on the law of parole.[1] *See* TEX. CODE CRIM. PROC. ANN. art.

---

[1] The jury was instructed as follows:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

37.07, § 4(a) (West Supp. 2012). Powell's sole complaint stems from the following paragraph in the court's charge:

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed. Eligibility for parole does not guarantee that parole will be granted.

The prosecutor made no reference to parole in his argument to the jury, focusing instead on the record and urging the maximum twenty-year sentence. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 22.011(f) (West 2011). Defense counsel reminded the jury not to consider the manner in which parole law may be applied to Powell and argued "that the only appropriate thing to do is, that the number of years that you wish Mr. Powell to be down in prison, is the number you give him."

As stated, the jury assessed a twenty-year sentence.

## II. PAROLE INSTRUCTION

Pursuant to section 4(a) of article 37.07, the paragraph about which Powell complains should have included the following italicized language to read as follows:

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed *or 30 years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole*. Eligibility for parole does not guarantee that parole will be granted.

---

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed. Eligibility for parole does not guarantee that parole will be granted.

It cannot be accurately predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Powell did not object to the court's charge at trial, but asserts now that where "significant and compelling evidence of the defendant's mental health problems [exist]," failing to instruct the jury that good conduct time would not be considered as part of required prison time "amounted to egregious harm." The State does not dispute the court's charge was erroneous, but argues in response that Powell was not harmed.

## A. Standard of Review

A reviewing court's first duty in analyzing a jury charge issue is to determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error is found, the reviewing court then analyzes the error for harm. *Id.* "Objected-to-error" is reviewed for some harm," while "unobjected-to-error" is reviewed for "egregious harm." *Jennings v. State*, 302 S.W.3d 306, 311 (Tex. Crim. App. 2010) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). In assessing whether the error caused egregious harm, the reviewing court considers (1) the entire jury charge, (2) the state of the evidence, (3) arguments of counsel, and (4) any other relevant information contained in the record as a whole. *See Gelinas v. State*, 398 S.W.3d 703, 705-06 (Tex. Crim. App. 2013); *Stewart v. State*, 293 S.W.3d 853, 856-60 (Tex. App.—Texarkana 2009, pet. ref'd). The reviewing court will conclude the error was egregiously harmful if it affected the very basis of the case, deprived the defendant of a valuable right, or vitally affected a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Stewart*, 293 S.W.3d at 856.

## B. Applicable Law

The purpose of the jury charge is to inform the jury of the relevant law and guide them in applying that law. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). When a defendant is found guilty of sexual assault of a child, and the jury assesses punishment, the trial court is statutorily mandated to include the prescribed parole and good time instruction in its

charge. *See* TEX. CODE CRIM. PROC. ANN. arts. 37.07, § 4(a), 42.12, § 3(g)(a)(1); *see also Stewart*, 293 S.W.3d at 856. This instruction explains generally the concepts of good conduct time and parole; states the defendant's eligibility for parole is one-half the actual sentence, or thirty years, whichever is less, without consideration of any good conduct time earned; and states that no one can predict whether parole or good time might be applied to the defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a); *Luquis v. State*, 72 S.W.3d 355, 366 (Tex. Crim. App. 2002). On appeal, the reviewing court presumes the jury followed these instructions as given. *Luquis*, 72 S.W.3d at 366.

### C. Application of Law to Facts

No dispute exists the charge was erroneous. *See* TEX. CODE CRIM. PROC. ANN. arts. 37.07, § 4(a). The sole question is whether the error egregiously harmed Powell. Powell bases his argument that it was on the "undeniable evidence that [he] suffered from serious mental health issues."[2] Section 4(a) of article 37.07 of the code of criminal procedure, however, applies to all defendants convicted of sexual assault of a child, regardless of their mental state. *See id.* Moreover, although the charge given to the jury failed to state that any good conduct time earned would not be considered in determining Powell's eligibility for parole, the omission of this language did not suggest that good conduct time earned would affect parole eligibility. To the contrary, the language that Powell would not become eligible until the "*actual* time served" equals one-half of the sentence imposed reflects no consideration is to be given to any good conduct time earned. Further, nothing in the record suggests the jury did not follow the instruction, or defense counsel's argument, admonishing it not to consider how parole law might be applied to Powell. *See Luquis*, 72 S.W.3d at 366. The jury did not send out any notes

---

[2] According to Powell, this evidence includes his "nonsensical" and false testimony and his mother's testimony that he could not read or write, had a ninth grade education, and could not hold a job. We express no opinion as to Powell's mental state.

indicating or expressing confusion about good conduct time or parole, and nothing in the record indicates the jury gave any undue attention to the parole law. Finally, although the jury assessed the maximum sentence, the jury saw and heard the attitude Powell displayed toward women during his interview with the investigating officer, heard L.R.'s impact testimony, and was presented with twelve prior convictions. This evidence offers sufficient support to explain the jury's assessment of punishment without suggesting harm from the charge.

Considering the entire charge, the state of the evidence, counsel's arguments, and the record as a whole, we cannot conclude the trial court's partial omission of the statutorily mandated instruction deprived Powell of a valuable right. *See Igo v. State*, 210 S.W.3d 645, 647-48 (Tex. Crim. App. 2006) (concluding erroneous parole instruction did not cause egregious harm even though maximum sentence assessed where charge contained admonishing language, parole law not mentioned in closing argument, and evidence relating to punishment was exceptionally strong); *Stewart*, 293 S.W.3d at 856-60 (same - remaining charge was correct and included admonishing language, nothing suggested jury acted on erroneous language or had any question concerning application or meaning of parole law, and counsel's arguments emphasized to jury that it was not to consider parole law in assessing punishment). We resolve Powell's sole issue against him.

### III. MODIFICATION OF JUDGMENT

We note the judgment incorrectly reflects the offense occurred November 29, 2011 instead of May 2, 2011. Accordingly, we modify the judgment to reflect the correct date of the offense. *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.3d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd).

## IV. CONCLUSION

As modified, we affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121158F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CLAUDE CHARLES POWELL, Appellant

No. 05-12-01158-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F11-62508-H.
Opinion delivered by Justice Lang. Justices Myers and Evans participating.

Based on the Court's opinion of this date, we **MODIFY** the trial court's judgment to reflect the date of the offense as May 2, 2011. As modified, we **AFFIRM** the judgment.

Judgment entered this 1st day of August, 2013.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE