**Affirm and Opinion Filed January 27, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00183-CR

### BENJAMIN GRIG BALDIVIEZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F-1900307-X**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

A jury found appellant Benjamin Grig Baldiviez guilty of the offense of continuous sexual abuse of a young child. The jury assessed his punishment at ninety-nine years confinement. Appellant raises a single issue, asserting the charge of the district court was fundamentally erroneous and harmful. We affirm the judgment of the trial court.

## I.    PROCEDURAL HISTORY

Because the sole appellate issue pertains to limited evidentiary and procedural complaints, we confine our discussion of the facts and the evidence accordingly. A Dallas County grand jury indicted appellant for the first-degree felony offense of

Continuous Sexual Abuse of Young Child or Children in violation of Texas Penal Code § 21.02. *See* TEX. PENAL CODE ANN. § 21.02 (providing the elements of the sexual offense of continuous sexual abuse of young child or disabled individual). Specifically, the indictment stated:

> That BENJAMJN GRIG BALDIVIEZ, hereinafter called Defendant, on or about the 13th day of October, 2017, in the County of Dallas, State of Texas, did then and there intentionally and knowingly, during a period that was 30 or more days in duration, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against G. D. and M. W., children younger than 14 years of age, hereinafter called complainants, namely by THE CONTACT BETWEEN THE HAND OF THE DEFENDANT AND THE GENITALS OF THE COMPLAINANT WITH THE INTENT TO AROUSE AND GRATIFY THE SEXUAL DESIRE OF THE DEFENDANT,

Appellant pled not guilty and elected to try both the guilt/innocence phase and the punishment phase of his trial by jury. During the trial, G.D., M.W., and Z.A. testified as to their experiences of the alleged sexual abuse that appellant committed. After testimony from the witnesses and closing arguments during the guilt/innocence phase of trial, the trial court read the jury charge to the jury. Pertinent to this appeal, the jury charge includes the following definitions:

> A person commits the offense of Continuous Sexual Abuse of a Young Child if, during a period that is 30 or more days in duration, he commits two or more acts of sexual abuse and, at the 'time of the commission of each of the acts of sexual abuse, the Defendant is 17 years of age or older, and the victim is a child younger than 14 years of age. A jury is not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed, but must unanimously agree that the defendant,

–2–

during a period that was 30 or more days in duration, committed two or more acts of sexual abuse.

A person commits the offense of Indecency with a Child if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person engages in sexual contact with the child or causes the child to engage in sexual contact.

"Act of sexual abuse" means any act that constitutes sexual assault of a child or indecency with a child by contact, other than contact with the breast of a child.

"Sexual contact" means any touching by a person, including touching through clothing, the anus, breast, or any part of the genitals of a child, or any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person, if committed with the intent to arouse or gratify the sexual desire of any person.

The application portion of the jury charge provides:

Now, bearing in mind the foregoing instructions, if you find and believe from the evidence, beyond a reasonable doubt, that the defendant, Benjamin Baldiviez; on or about 13th day of October, 2017, in the County of Dallas and State of Texas, did then and there, during a period that was 30 or more days in duration, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against G. D. or M. W., children younger than 14 years of age, hereinafter called complainants, namely by the contact between the hand of the defendant and the genitals of the complainants with the intent to arouse and gratify the sexual desire of the defendant, then you will find the defendant guilty of the offense of Continuous Sexual Abuse of a Young Child, as charged in the indictment.

The jury found appellant guilty of continuous sexual abuse of a young child and ultimately sentenced appellant to ninety-nine years confinement. This appeal followed.

–3–

## II.  ISSUE RAISED

Appellant raises one issue to our Court, which we reproduce verbatim.

The charge of the district court was fundamentally erroneous and harmful for failing to define a term necessary for the jury to properly determine guilt [sic]

## III.  STANDARD OF REVIEW

The trial court "shall . . . deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14. In *Jennings v. State*, the court of criminal appeals held that all jury charge errors, including errors or omissions in the verdict form, are cognizable on appeal despite a lack of objection in the trial court. 302 S.W.3d 306, 311 (Tex. Crim. App. 2010). We first review a jury charge issue to determine whether error exists; then, we analyze any error for harm. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005).

If there was error and appellant objected to the error at trial, then only "some harm" is necessary to reverse the trial court's judgment. *Mendoza v. State*, 349 S.W.3d 273, 278 (Tex. App.—Dallas 2011, pet. ref'd) (citing *Jimenez v. State*, 32 S.W.3d 233, 237 (Tex. Crim. App. 2000)); *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). If, as in this case, the defendant failed to object at trial, then the defendant will obtain a reversal only if the error was "'so egregious and created such harm that defendant has not had a fair and impartial trial'"—in short, egregious harm. *Keller v. State*, 604 S.W.3d 214, 229 (Tex. App.—

Dallas 2020, pet. ref'd) (quoting *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (citing *Almanza*, 686 S.W.2d at 171)).

Egregious harm is the type and degree of harm that (i) affects the very basis of the case, (ii) deprives the defendant of a valuable right, or (iii) vitally affects a defense theory. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008). In determining whether there was egregious harm, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information [revealed] by the record of the trial as a whole." *Trejo v. State*, 280 S.W.3d 258, 261 (Tex. Crim. App. 2009) (quoting *Almanza*, 686 S.W.2d at 171). Egregious harm is a difficult standard to meet and must be determined on a case-by-case basis. *Ellison v. State*, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002).

## IV.  ANALYSIS

First, we must determine whether error exists in the jury charge. *Ngo*, 175 S.W.3d at 743. Regarding definitions, the "law applicable to the case," CRIM. PROC. art. 36.14, "requires that each statutory definition that affects the meaning of an element of the offense must be communicated to the jury." *Villarreal v. State*, 286 S.W.3d 321, 329 (Tex. Crim. App. 2009) (quotation omitted). Appellant asserts the trial court erred in failing to define the offense of "sexual assault" under Texas Penal

Code 22.011. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A–E).[1] Appellant concedes "the jury was properly instructed on the elements of the offense for which appellant was accused"—that being the offense of continuous sexual abuse of a young child.

However, appellant argues that because the jury was not instructed as to the statutory definition of sexual assault, the jury was therefore "not restricted to this manner and means of committing sexual assault." Appellant argues that the phrase "sexual assault," in common parlance, may encompass much broader actions than criminal "sexual assault"—explaining that "lewd comments" or "denigrating another's sexual identity" could be considered sexual assault. Appellant asserts that, without the definition for "sexual assault" to restrict the jury, the jury could have found appellant guilty of the offense of continuous sexual abuse of a young child when his actions did not meet the statutory requirements. Appellant cites no authority to support his assertions, and we have found none.

---

[1] Texas Penal Code § 22.011(a)(2)(A−E) provides:

> A person commits an offense if . . . regardless of whether the person knows the age of the child at the time of the offense, the person intentionally or knowingly:
>
>> (A) causes the penetration of the anus or sexual organ of a child by any means;
>>
>> (B) causes the penetration of the mouth of a child by the sexual organ of the actor;
>>
>> (C) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;
>>
>> (D) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or
>>
>> (E) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor.

TEX. PENAL CODE ANN. § 22.011(a)(2)(A−E).

The State responds that inclusion of the definition of "sexual assault" in the abstract portion of the jury charge would have been "a superfluous abstraction." As quoted above, the indictment alleged appellant committed the offense of continuous sexual abuse of a child by touching the victims' genitals with his hand. The State did not allege—and no evidence in the record exists to support—that appellant committed any of the other prohibited acts of penetration or contact set forth in the sexual assault statute. Here, the jury charge's definitions tracked the language of (i) Texas Penal Codes § 21.02, which provides the elements for continuous sexual abuse of a young child or disabled individual, and (ii) § 21.11, which provides the elements for indecency with a child.[2] *See* TEX. PENAL CODE §§ 21.02, 21.11. Furthermore, the application specifically authorized the jury to convict appellant only if the jury found, beyond a reasonable doubt, that appellant did

> commit two or more acts of sexual abuse against G. D. or M. W., children younger than 14 years of age, hereinafter called complainants, namely by the contact between the hand of the defendant and the genitals of the complainants with the intent to arouse and gratify the sexual desire of the defendant[.]

Here, we cannot conclude that the jury charge's omission of the definition for "sexual assault" amounted to an omission of a statutory definition that affected the meaning of an element of the offense charged. *See* TEX. CODE CRIM. PROC. art.

---

[2] Indeed, both the indictment and jury charge track the language of Texas Penal Codes §§ 21.02 and 21.11.

36.14. Thus, we conclude that the jury charge contained no error. We do not reach harm analysis. We overrule appellant's sole issue.

## V.    CONCLUSION

Having overruled appellant's sole issue, we affirm the judgment of the trial court.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

200183f.u05

Do Not Publish
TEX. R. APP. P. 47



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

BENJAMIN GRIG BALDIVIEZ,
Appellant

No. 05-20-00183-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 6, Dallas County, Texas
Trial Court Cause No. F-1900307-X.
Opinion delivered by Justice
Pedersen, III. Justices Osborne and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 27th day of January, 2022.