NO. 07-10-0343-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 19, 2011

_____

NICKOLAS DEAN JOSIAH BERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;

NO. 3989; HONORABLE DAN MIKE BIRD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Nickolas Dean Josiah Bera, was convicted by a jury of aggravated assault with a deadly weapon,[1] enhanced by a prior felony conviction.[2] Punishment was assessed at twenty years confinement. By a multifarious point of error, Appellant contends the trial court erred by preventing defense

---
[1]Tex. Penal Code Ann. § 22.02(a)(2) (West 2011).

[2]Tex. Penal Code Ann. §12.42(c)(1) (West 2011).

counsel from arguing to the jury that the law does not require a verdict in a criminal case. He further contends that error was compounded when the trial court submitted a charge to the jury during the punishment phase that failed to allow the jury to find the enhancement allegations untrue and failed to allow the jury to assess a fine, thereby denying the jury the ability to assess punishment within the full range and to use its "normative judgment" in assessing punishment. We affirm.

## Background Facts

Appellant does not challenge the sufficiency of the evidence to support his conviction. Thus, only a brief recitation of the facts is necessary. According to the complainant, she and Appellant had been involved in a romantic relationship for two years before she broke up with him. After the breakup, he called her at work one day and alarmed her enough for her to leave work and go home.[3] When she arrived, she observed that Appellant had ransacked her home. While brandishing a knife, he threatened to kill her explaining that if he could not have her no one else would. During the incident, she was able to call her mother on her cell phone and run out the back door. Her mother called law enforcement to report the incident and officers were dispatched to the complainant's home. He was taken into custody and charged with aggravated assault with a deadly weapon.

## Trial Proceedings

During defense's closing argument, counsel stated:

---

[3]Complainant was concerned for her ninety-five year old grandmother who was living in the house.

> I'm going to tell you something else. It's not in your charge but it's the law. You are not required to reach a verdict. There is no requirement under law that a jury reach a verdict. If one of you or if 11 of you say this is it, I'm not changing my vote, this is the way I believe --

The State objected on the ground that the law requires a jury to *deliberate*. (Emphasis added). Defense counsel agreed and was then interrupted by the trial court to rule on the State's objection. The objection was sustained and the jury was instructed to disregard defense counsel's comment with respect to reaching a verdict. Defense counsel then interjected, "Your Honor, may I lodge my objection to the Court's ruling?"[4] The trial court responded, "You've lodged your objection. Let's go forward."[5]

After brief deliberations, the jury returned a verdict of guilty and the trial proceeded with the punishment phase. The enhancement allegation was read aloud and Appellant entered a plea of true. The State offered Appellant's pen packet and it was admitted into evidence without any objection from defense counsel. Appellant was the only witness to testify during the punishment phase. During the charge conference, both sides indicated they had no objections to the charge. After closing arguments, the jury deliberated and finding the enhancement allegation to be true, assessed Appellant's punishment at twenty years confinement.

---

[4]The State asserts that defense counsel's objection was not specific enough under Rule 33.1(a) of the Texas Rules of Appellate Procedure to preserve error. Our disposition of Appellant's argument, however, obviates an analysis of the State's argument.

[5]For purposes of preserving error under Rule 33.1(a) of the Texas Rules of Appellate Procedure, the trial court's response indicates an implicit adverse ruling of defense counsel's objection. *See Montanez v. State*, 195 S.W.3d 101, 105 (Tex.Crim.App. 2006).

**I. Analysis**

Although multifarious, we distill Appellant's point of error into three subsidiary arguments: assertions that the trial court erred in (A) ruling that defense counsel could not argue to the jury that it did not have to reach a verdict, (B) not providing the jury with a verdict form in the punishment charge to enter a finding of not true, and (C) not providing for assessment of a fine in the punishment charge.

**A. Defense counsel's opening argument**

In his brief, after stating his point of error, Appellant provides a brief factual recitation of the trial court's refusal to allow defense counsel to argue to the jury that it need not reach a verdict. He then immediately begins argument on his contention regarding the trial court's failure to include a verdict form for a finding of "not true." He does not argue or present any authority or analysis in support of the alleged error by the trial court during his closing argument. Consequently, this contention is inadequately briefed and is therefore, waived. *See Cardenas v. State*, 30 S.W.3d 384, 393 (Tex.Crim.App. 2000).

**B. No verdict form provided for a finding of "not true"**

Allegations of charge error, including errors in the verdict form, are cognizable on appeal under *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App. 1985). *See Jennings v. State*, 302 S.W.3d 306, 310 (Tex.Crim.App. 2010) (citing *Callins v. State*, 780 S.W.2d 176, 190-91 (Tex.Crim.App. 1991)). When, as here, no objection is made to the charge, the error is reviewed for egregious harm. *Jennings*, 302 S.W.3d at 311.

4

Appellant maintains the jury was not permitted to consider the sufficiency of the evidence to support the enhancement allegation because the trial court failed to include a verdict form for the jury to enter a finding of "not true." Relying on *Wilson v. State*, 671 S.W.2d 524 (Tex.Crim.App. 1984), and *Anthony v. State*, 794 S.W.2d 526 (Tex.App.--Corpus Christi 1990, pet ref'd), he argues the State did not carry its burden to prove the prior felony was a "final conviction." We disagree.

Here, Appellant entered a plea of true to the enhancement allegations contained in the indictment. A plea of true, unlike a plea during the guilt-innocence phase of a trial, does constitute evidence and is sufficient proof to support an enhancement allegation. *Wilson*, 671 S.W.2d at 526. In other words, a plea of true, standing alone, is sufficient to satisfy the State's burden of proof. *Id.* Additionally, an approved method for proving that an accused is the same person previously convicted for purposes of an enhancement allegation is introduction of certified copies of the judgment and sentence from the institution where the accused was confined. *See Rios v. State*, 557 S.W.2d 87, 92 (Tex.Crim.App. 1977).

In the underlying case, Appellant, after consulting with counsel, entered a plea of true to the enhancement allegation. He also confirmed during his testimony that he had been previously convicted of a felony in Nebraska. Additionally, the State introduced a pen packet containing documentation of Appellant's prior conviction for robbery and unlawful discharge of a firearm as well as a Certificate of Discharge for those offenses. During closing argument, defense counsel argued:

> You've heard evidence of prior conviction and the enhancement paragraph itself is something . . . the State can put into an indictment if

5

they prove it and it's been proven. [Appellant] took the stand and said, yes, I was convicted of robbery and the punishment can be enhanced because of that.

We conclude Appellant was not egregiously harmed by the trial court's failure to include a verdict form for the jury to enter a finding of not true.

## C.      Failure to include a form for assessing a fine

Appellant complains that the trial court's failure to provide a form in the punishment charge for the jury to consider imposition of a fine was erroneous because it denied the jury the opportunity to assess punishment within the full range. The State concedes "the punishment charge should have contained a form for the inclusion of a fine." Mindful of the standard of review for unobjected-to-charge error, including verdict forms, *Jennings,* 302 S.W.3d at 310-11, we agree with the State that the error did not result in egregious harm to Appellant. To the contrary, it was to Appellant's advantage not to have a fine of up to $10,000 imposed in addition to his sentence.[6] *See Daniels v. State*, 527 S.W.2d 549, 551 (Tex.Crim.App. 1975) (finding waiver on failure to object to the lack of inclusion for assessment of a fine before the Court's decision in *Almanza*, but explaining it was advantageous not to have objected to charge). Having disagreed with all of Appellant's contentions, we overrule his point of error.

---

[6]Section 12.42(c)(1) of the Texas Penal Code provides that, *in addition to imprisonment,* an accused may be punished by a fine not to exceed $10,000. We disagree with Appellant's speculation on the impact that the lack of the ability by the jury to impose a fine would have had on the length of his sentence.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.