**Affirmed as Modified; and  Opinion Filed April 20 , 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-01214-CR

**ROBERT MONTE PRICHARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1400386-Q**

# MEMORANDUM OPINION

Before Justices Lang, Brown, and O'Neill[1]
Opinion by Justice Lang

A jury convicted Robert Monte Prichard of cruelty to a nonlivestock animal and assessed punishment, enhanced by a finding that he used a deadly weapon during the commission of the offense, at six-and-a-half years' confinement.  In two issues, Prichard asserts his sentence cannot stand because a deadly weapon finding is appropriate only when the weapon was used or exhibited against individuals.  We modify the trial court's judgment and affirm as modified.

## I. BACKGROUND

The facts are undisputed.  Prichard's pet pit bull Candy died after Prichard repeatedly hit her on the head with a shovel until she appeared unconscious and then drowned her in the family

---

[1] The Hon. Michael J. O'Neill, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

swimming pool "to put [her] out of [her] misery." Prichard was charged with intentionally and knowingly torturing Candy or causing her death "in a cruel manner." *See* TEX. PENAL CODE ANN. 42.092(b)(1) (West 2011). He also was charged with using the shovel and pool water, "singly or in combination," as deadly weapons. *See id.* 1.07(17) (West Supp. 2015).

## II. DEADLY WEAPON FINDING

Prichard asserts a deadly weapon finding is appropriate only when the weapon was used or exhibited against individuals. Accordingly, he complains the trial court erred in submitting a deadly weapon special issue to the jury and the evidence is insufficient to support the deadly weapon finding.[2] Although he couches the latter complaint as a sufficiency challenge, his complaint turns on statutory construction. *See Patterson v. State*, 769 S.W.2d 938, 940 (Tex. Crim. App. 1989).

### *A. Applicable Law*

A trial court must give the jury a written charge that sets forth the law applicable to the case based on the facts adduced at trial. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007); *see also Gray v. State*, 152 S.W.3d 125, 127-28 (Tex. Crim. App. 2007). A charge which fails to apply the law to the facts presented at trial is erroneous. *Gray*, 152 S.W.3d. at 128.

As applicable to the facts presented in this case, a deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *See* TEX. PENAL CODE ANN. § 1.07(17)(B). "Use," as construed by the court of criminal appeals, means the employment of the weapon to achieve its purpose or to facilitate the associated offense. *See Patterson*, 769 S.W.2d at 941.

---

[2] The State asserts, in part, that Prichard failed to preserve error because he did not file a motion to quash the indictment or otherwise object to the indictment's deadly weapon allegation. However, Prichard's complaints attack the legality of his six-and-a-half year sentence, an issue that does not need to be preserved in the trial court. *See Mizell v. State*, 119 S.W.3d 804, 806 n.6 (Tex. Crim. App. 2003).

Under Texas Penal Code section 42.092(c), the offense of cruelty to nonlivestock animals committed by torturing an animal or by killing or causing serious bodily injury to the animal "in a cruel manner" is a state jail felony unless the defendant has twice been previously convicted of animal cruelty, in which case the offense is a third degree felony. *See* TEX. PENAL CODE ANN. § 42.092(c). State jail felonies are punishable, in accordance with section 12.35 of the penal code, by confinement in a state jail for any term between 180 days and two years. *See id.* § 12.35(a) (West Supp. 2015). However, upon a deadly weapon finding, as in this case, punishment is increased in accordance with section 12.35(c) to that of a third degree felony. *See id.* § 12.35(c)(1). Third degree felonies are punishable by imprisonment in the Texas Department of Criminal Justice for a term between two years and ten years. *See id.* § 12.34(a) (West 2011). In addition to confinement and imprisonment, state jail felonies and third degree felonies may also be punished by a fine not to exceed $10,000. *See id.* § 12.34(b), 12.35(b)

### B. Standard of Review

When a sufficiency of the evidence issue turns on statutory construction, an appellate court reviews the issue de novo. *See Liverman v. State*, 470 S.W.3d 831, 836 (Tex. Crim. App. 2015). An appellate court reviews jury charge error based on whether error was preserved. *See Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). "Objected-to-error" is reviewed for "some harm," while "unobjected-to-error" is reviewed for "egregious harm." *Jennings v. State*, 302 S.W.3d 306, 311 (Tex. Crim. App. 2010).

### C. Application of Law to Facts

Prichard argues a deadly weapon finding is appropriate only when the weapon was used or exhibited against individuals. However, he does not contest that he used the shovel and pool water to cause Candy's death. Instead, he relies on (1) "several court cases that . . . have used language indicating that the term [deadly weapon] refers to people;" and (2) that portion of penal

code section 42.092(c) making the offense of cruelty to nonlivestock animals a third degree felony where the defendant has prior animal cruelty convictions.

Respecting section 42.092(c), Prichard asserts that if the deadly weapon provision under penal code section 12.35 is applicable to animals, a cruelty to nonlivestock animal offense "would always be subject to an affirmative finding of a deadly weapon." He asserts that would "elevate this state jail felony to a third degree felony" and render superfluous that portion of section 42.092 that "enhances" the offense to a third degree felony based on prior animal cruelty convictions. Prichard's assertion assumes all cruelty to nonlivestock animal cases implicate the deadly weapon provision under section 12.35. However, the offense can be committed by an omission. *See* TEX. PENAL CODE ANN. § 42.092(b)(3) (unreasonable failure to provide necessary food, water, care, or shelter), (4) (unreasonable abandonment). Moreover, section 12.35 and section 42.092(c) serve different purposes. Section 42.092(c) defines the offense and classifies it as a state jail felony or, if the defendant has two prior animal cruelty convictions, a third degree felony. *See id.* § 42.092(c); *Chambless v. State*, 411 S.W.3d 498, 501 (Tex. Crim. App. 2013). Section 12.35, on the other hand, defines the offense's punishment range. *See* TEX. PENAL CODE ANN. § 12.35; *Chambless*, 411 S.W.3d at 501. Although section 12.35 allows for the *punishment* of a state jail felony to be increased to that of a third degree felony, it does not change the *classification or level* of the offense to a third degree felony. *See* TEX. PENAL CODE ANN. § 12.35; *Chambless*, 411 S.W.3d at 502. Because the deadly weapon provision at issue here increases punishment, it has no effect on section 42.092(c) which increases the level of the offense. We reject Prichard's argument to the contrary.

We also reject Prichard's argument that "several court cases" suggest "the term [deadly weapon] refers to people." Prichard cites specifically to *Cates v. State*, 102 S.W.3d 735 (Tex. Crim. App. 2003) and *Brister v. State*, 449 S.W.3d 490 (Tex. Crim. App. 2014). *Cates* is an

–4–

appeal from a conviction for failing to stop and render aid. *Cates*, 102 S.W.3d at 736. *Brister* is an appeal from a conviction for driving while intoxicated. *Brister*, 449 S.W.3d at 491. In both cases, the appellants were found at trial to have used their vehicles as deadly weapons during the commission of the offenses. *Brister*, 449 S.W.3d at 491; *Cates*, 102 S.W.3d at 737. In both cases, the court of criminal appeals found that the vehicles were not used as deadly weapons because no evidence was presented showing "anyone" or "others" were actually endangered by the vehicles. *Brister*, 449 S.W.3d at 495; Cates, 102 S.W.2d at 738. Prichard asserts the *Brister* and *Cates* courts' use of the term "anyone" and "others" indicates a deadly weapon finding can only apply to offenses involving individuals. Prichard's reliance on these cases, however, is misplaced as neither construed "deadly weapon" to apply to individuals to the exclusion of animals. The question in those cases was not whether the offense was an offense against persons. Rather, the question was whether the weapons, the appellants' vehicles, were used to facilitate the commission of the offense for which the appellants were charged. Although Prichard contends a weapon is not a "deadly weapon" under the penal code unless it is used or exhibited against individuals, the court of criminal appeals has not limited the term as he proposes. The pertinent inquiry with respect to whether a deadly weapon was *used*, the issue here, is whether the weapon achieved or facilitated the intended result. *See Patterson*, 769 S.W.2d at 941.

As stated, Prichard does not dispute his use of the shovel and pool water caused Candy's death as he intended. On the record before us, we conclude the trial court properly submitted a deadly weapon special issue to the jury and the evidence was sufficient to support the deadly weapon finding. *See id.* at 942 (affirming judgment for conviction for possession of methamphetamine with deadly weapon finding where rational trier of fact could have determined gun and several rounds of ammunition found near appellant and methamphetamine were used in

–5–

commission of offense by protecting and facilitating appellant's "care, custody, and management of the contraband"); *see also Martin v. State*, No. 05-14-00215-CR, 2015 WL 4476242, *5 (Tex. App.—Dallas 2015, no pet.) (noting "[n]othing in the plain language of section 1.07 [defining "deadly weapon"] limits the definition of a deadly weapon to offenses against human beings" and rejecting appellant's argument that dog can never be used as deadly weapon against another dog in dogfighting case) (not designated for publication); *McMillian v. State*, No. 05-04-01321-CR, 2005 WL 2901720, *3 (Tex. App.—Dallas 2005, no pet.) (trial court properly entered deadly weapon finding where evidence showed appellant used dog to cause serious injury or death to another dog) (not designated for publication). We decide Prichard's two issues against him.

### III. MODIFICATION OF JUDGMENT

Prichard's judgment recites he was convicted of "cruelty to animals enhanced . . . a third degree felony." With respect to the sections "Plea to 1st Enhancement Paragraph" and "Findings on 1st Enhancement Paragraph," the judgment states "N/A" for each. Because Prichard entered a plea of not guilty to the indictment, we modify the judgment to reflect a plea to the first enhancement paragraph of "Not True." *See Wood v. State*, No. PD-0061-15, 2016 WL 1359169, *4 (Tex. Crim. App. Apr. 6, 2016); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd). Further, because the deadly weapon allegation in the indictment and the deadly weapon finding by the jury served to increase punishment and not the level of the offense, we modify the judgment to reflect Prichard was convicted of "cruelty to nonlivestock animals . . . a state jail felony" and to reflect a finding on the first enhancement paragraph of "True." *See* TEX. PENAL CODE ANN. §§ 12.35, 49.092(c); TEX. R. APP. P. 43.2(b); *Chambless*, 411 S.W.3d at 502; *Bigley*, 865 S.W.2d at 27-28; *Asberry*, 813 S.W.2d at 529-30.

## IV. CONCLUSION

As modified, we affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
141214F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT MONTE PRICHARD, Appellant

No. 05-14-01214-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1400386-Q.
Opinion delivered by Justice Lang. Justices Brown and O'Neill participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment to delete the word "enhanced" from the name of the offense and to reflect appellant was convicted of a state jail felony. We further modify the judgment to reflect a plea of "Not True" and a finding of "True" to the 1st Enhancement Paragraph.

As **MODIFIED**, we **AFFIRM** the judgment.

Judgment entered this 20th day of April, 2016.